**150** People ex rel. Toms *v.* Board of Supervisors. [June,

Statement of case. [Vol. 199.

being explicit and the words being free from ambiguity, it is not allowable to resort to other means of interpretation. (*Johnson v. Hudson R. R. R. Co.*, 49 N. Y. at p. 462 ; *Matter of Comrs. of Washington Park*, 52 ib. 131, 137.) It will not do for the courts to refuse a construction of a statute in accordance with the presumed legislative intent, because clumsily worded. In this amendment, it cannot be denied that the legislature has chosen to give a definition to the term " gross earnings ", which makes it include *all receipts*, and caps its mandate, in that respect, by adding the words " without any deduction ". When the statute provides for taxing " gross earnings from all sources " and adds that that means " all receipts from the employment of capital without deduction ", however the language offends against the normal concept, we must regard the law as classifying with earnings, for the purpose of the tax, all receipts from the use of capital. That is what the legislature has done. Its enactment measures the tax for the privilege of exercising the corporate franchises by a percentage upon all receipts of the company, which the use of its capital originated.

I think we should affirm the order appealed from.

Cullen, Ch. J., Haight, Vann, Werner, Hiscock and Chase, JJ., concur.

Order affirmed, with costs.

---

The People of the State of New York ex rel. Robert A. Toms, Respondent, *v.* The Board of Supervisors of Erie County, Appellant.

Certiorari — power of Supreme Court to review by certiorari — Court of Appeals cannot review the discretion exercised by the Supreme Court.

The writ of certiorari issues in the discretion of the Supreme Court, and, inasmuch as the jurisdiction of the Court of Appeals is limited to the review of questions of law, it is powerless to review the discretion exercised by the Supreme Court.

While the Supreme Court has the power to review by certiorari, it will not, in the exercise of its discretion, review the action of a board of supervisors in levying the general tax for town and county purposes where the alleged defects are in the auditing of town and county charges and including them in the tax roll.   Such action is quasi judicial.

If such an assessment is made without authority or contrary to law the relator has a legal remedy under section 16 of the County Law.

*People ex rel. Toms* v. *Bd. of Supervisors,* 138 App. Div. 912, affirmed.

(Submitted June 7, 1910;  decided June 14, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 6, 1910, which affirmed an order of Special Term denying a motion to quash a writ of certiorari.

The facts, so far as material, and the questions certified are stated in the opinion.

*Thomas A. Sullivan* for appellant.  The Tax Law (§§ 290–296) and the County Law (§ 16) provide a complete and harmonious scheme and system for the correction of error in assessments and the refunding of illegal taxes and levies. (*People ex rel. W. V. R. R. Co.* v. *Keator,* 101 N. Y. 610; *M. Nat. Bank* v. *Mayor, etc.,* 172 N. Y. 42; *Armstrong* v. *Fitch,* 126 App. Div. 527; *Matter of Adams* v. *Bd. Suprs.,* 154 N. Y. 618; *Matter of Edison Electric Light Co.,* 22 App. Div. 371; 155 N. Y. 699; *Harris* v. *Supervisors of Niagara County,* 33 Hun, 279; *Matter of B. M. G. L. Co.,* 144 N. Y. 228; *Dale* v. *City of New York,* 75 N. Y. Supp. 580.)  The acts complained of, to wit, ordering the levy of the tax and apportioning it, are legislative or ministerial acts — not judicial — and not, therefore, the subject of review by certiorari.  (*People ex rel. Allen* v. *Bd. Suprs.,* 113 App. Div. 773; *People ex rel. Griffin* v. *Mayor of Brooklyn,* 4 N. Y. 419; *People ex rel.* v. *Board of Commissioners,* 97 N. Y. 43; *People ex rel. Hotchkiss* v. *Board of Supervisors,* 65 N. Y. 222; *People ex rel. Trustees* v. *Supervisors,* 131 N. Y. 468; *People ex rel. O'Connor* v. *Supervisors,* 153 N. Y. 374; *People ex rel. North* v. *Featherstonhaugh,* 172

N. Y. 128; *Balcom* v. *City of Buffalo*, 134 N. Y. 523; *People* v. *Mayor, etc.*, 4 N. Y. 425.) The common-law writ of certiorari will not lie to review acts where another adequate and appropriate remedy exists for the correction of the error complained of. (*People ex rel. R. R. Co.* v. *County Court*, 152 N. Y. 214; *People* v. *Thayer*, 88 Hun, 136; *Rogers* v. *Bd. Suprs.*, 77 App. Div. 501; *People ex rel. Cole* v. *Cross*, 87 App. Div. 56; *Newman* v. *Bd. Suprs.*, 45 N. Y. 676; *Nat. Bank* v. *City of Elmira*, 53 N. Y. 54; *Bridge* v. *Bd. Suprs.*, 92 N. Y. 581; *U. S. Co.* v. *City of Buffalo*, 82 N. Y. 506; *Stanley* v. *Bd. Suprs.*, 121 U. S. 549; *People ex rel. Church* v. *Suprs. of Albany*, 15 Wend. 194; *People ex rel. Gage* v. *Lohnas*, 54 Hun, 604; *Matter of Flushing Ave.*, 101 N. Y. 678.) Writs of certiorari to review the acts of public bodies ought not to be encouraged, especially where the allowance of a writ would establish the practice that will lead to endless pernicious litigation. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.) A writ of certiorari will not be granted where its allowance will work great public inconvenience. (*People ex rel. Church* v. *Board of Suprs. of Allegany*, 15 Wend. 194; *People ex rel. Gage* v. *Lohnas*, 54 Hun, 604; *Matter of Flushing Ave.*, 101 N. Y. 678; *People ex rel. Griffin* v. *Mayor, etc.*, 4 N. Y. 419.) A writ of certiorari will not be allowed if other adequate remedies are available to the party complaining. (*Matter of Edison Co.*, 22 App. Div. 371; 155 N. Y. 699; *People ex rel.* v. *County Court*, 152 N. Y. 217.)

*Percy S. Lansdowne* for respondent. The action of the board of supervisors in fixing and levying the annual tax to be raised in the town of Tonawanda, so as to include the items brought up for review in this proceeding, constituted a judicial determination and is reviewable by certiorari. (*Bellinger* v. *Gray*, 51 N. Y. 610; *People* v. *Hagadorn*, 104 N. Y. 516; *N. P. Assn.* v. *Floyd*, 7 App. Div. 359; *People ex rel. Dickinson* v. *Supervisors*, 43 Barb. 232.) A writ of certiorari

is the appropriate remedy for the review of the judicial action of public bodies or officers exercising judicial functions. (*People ex rel. O' Connor v. Supervisors,* 153 N. Y. 370; *People ex rel. Loughran* v. *R. R. Comrs.,* 158 N. Y. 421.) Section 16 of the County Law affords no remedy to the relator or to the taxpayers in the town of Tonawanda to be relieved from the charges complained of. (*Matter of Baumgarten,* 39 App. Div. 174.) Certiorari is the proper remedy to review the action of the board of supervisors in determining what should go in the tax budget of Tonawanda. (*People ex rel. Low* v. *Wright,* 68 Hun, 264.)

*Per Curiam.* The relator, a taxpayer of the town of Tonawanda, in the county of Erie, seeks to review by certiorari the action of the board of supervisors of the county of Erie in assessing the general, state, county and town taxes of the town of Tonawanda for the year 1909, alleging that there had been incorporated in such assessment illegally a number of items reported by the committee on erroneous taxation. The Appellate Division, in affirming the order of the Special Term refusing to quash the writ, granted leave to appeal to this court, certifying the following questions:

1. "Was the action of the Board of Supervisors of Erie County in ordering and directing the levy of the general tax for the year 1909 on the Town of Tonawanda and issuing the usual warrant for the collection thereof, subject to review by a common-law writ of certiorari?"

2. "Was the action of the Board of Supervisors of Erie County in ordering the annual tax levy and issuing the usual warrant for the collection thereof in the Town of Tonawanda, a ministerial, legislative or judicial act?"

3. "Should the motion to quash the writ have been granted?"

The writ of certiorari issues in the discretion of the Supreme Court, and inasmuch as the jurisdiction of the Court of Appeals is limited to the review of questions of law it is powerless to review the discretion exercised by the Supreme Court.

The action of a board of supervisors of a county in deter-
mining the amount to be raised by taxation and apportioning
the same among the towns of the county is quasi-judicial and
can be reviewed by certiorari. (*Bellinger* v. *Gray*, 51 N. Y.
610; *People* v. *Hagadorn*, 104 N. Y. 516, 522.) But such
review will be allowed only in exceptional cases, in which the
public interests may be jeopardized. Where the errors com-
plained of are in the auditing of town or county charges,
though adding somewhat to the burden of the relator, the
court will not, in the exercise of its discretion, inconvenience
the public by the holding up of an assessment roll for review
under the writ.

In the case of *People ex rel. Onderdonk* v. *Supervisors of
Queens Co.* (1 Hill, 195, 200), Bronson, J., says: "But if we
assume that there is some defect in the proceedings which
might be reached by certiorari, I still think the writ ought
not to be granted. This is an attempt to review the proceed-
ings of the board of supervisors in assessing the general town
and county taxes upon the taxable inhabitants of North Hemp-
stead; and the errors into which the board may have fallen
cannot be corrected in this way without producing great pub-
lic inconvenience. This subject was fully considered in
*People* v. *Supervisors of Allegany Co.*, (15 Wend. 198). We
thought it not a proper exercise of discretion, to allow a
certiorari in such a case, and, retracing our steps, we quashed
the writ which had been awarded, notwithstanding the fact
that a return had been made, and the cause had been argued
upon its merits. We see no occasion for departing from that
decision." To the same effect is *People* v. *Board of Super-
visors of Livingston Co.* (34 N. Y. 516); *People ex rel. Van-
derbilt* v. *Stilwell* (19 N. Y. 531). It, therefore, appears
that, while the Supreme Court has the power to review by
certiorari it will not, in the exercise of its discretion, review
the action of the board of supervisors in levying the general
tax for town and county purposes where the alleged defects
are in the auditing of town and county charges and including
them in the tax roll. Besides, if the assessment is made with-

out authority, or contrary to law, the relator has a legal remedy under section sixteen of the County Law. (*People v. Board of Supervisors of Livingston Co., supra.*) Thus far we have considered the case upon the assumption that there were defects in the action of the board of supervisors. But we do not so hold. We have not considered the alleged defects as presented by the questions certified and have not determined them.

In view of the fact that this court is unable to review the discretion of the Supreme Court it cannot interfere with the order brought up for review, and must, therefore, affirm the same, answering the first question in the affirmative ; the second question, that the act was quasi-judicial, and the third question we leave unanswered for the reason that the motion to quash involved the discretion of the Supreme Court. The affirmance, however, should be without costs to either party.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Order affirmed.