People of the State of New York ex rel. Julius Hoesterey, Jr., *v.* George S. Taylor, Joseph Fritsch, Jr., Fred R. Sigler and Fred H. Rapp, as Assessors of. the City of Rochester, N. Y.

Supreme Court, Monroe County, December, 1923.

Taxation — exemptions — remedy of complaining taxpayer exclusive under Tax Law, section 290 et seq.— Tax Law does not apply to taxpayer whose tax burdens have been increased because of tax exemption of another — certiorari improvidently granted.

While the object of section 290 *et seq.* of the Tax Law is to furnish a remedy to a complaining taxpayer, the remedy thereunder, which is an exclusive one in the conditions to which it applies, is available only to a person who is resisting an illegal or an excessive assessment or undue proportion of the tax burden arising from over-valuation of his property or erroneous computation of the tax.

A proceeding instituted by one whose tax burden was increased because of the exemption from taxation of the property of another owner is not within the provisions of the Tax Law and will not lie.

An order of certiorari in such a proceeding vacated upon the ground that the same was improvidently granted, and the proceeding dismissed.

Motion on behalf of the defendants and the University of Rochester, an intervening party, to vacate the certiorari order granted herein, and to dismiss the proceeding.

*Charles L. Pierce,* corporation counsel, for assessors.

*Walter S. Hubbell,* for the University of Rochester.

*James L. Brewer,* for relator.

Stephens, J. The questions with which we have to do in this application are entirely alien to the merits of the controversy but pertain solely to procedure.

On July 6, 1923, an order was granted in the proceeding above

entitled, requiring the said assessors of the city of Rochester to make return of the proceedings had before them, if any, with reference to the exemption from taxation of the real property situated in the said city of Rochester, known as the Eastman School of Music, including Kilbourn Hall and the Eastman Theatre.

The petition of the relator alleges that he is a resident and taxpayer of the said city; that on January 15, 1923, the said assessors placed upon the assessment roll of the city, for the purpose of taxation for the year 1923, two parcels of real estate, one the Eastman School of Music, including Kilbourn Hall, and the other the Eastman Theatre, both owned by the University of Rochester, a domestic educational corporation; the first mentioned parcel was valued at $1,250,000 and was exempted from taxation; the second mentioned parcel was valued at $1,250,000 and entered on the assessment roll as taxable; that after hearing allegations on behalf of the said university against the assessment of any portion of said premises as taxable property and on or about March 9, 1923, the assessors struck their assessment from the rolls and exempted the university from any taxation upon said property which was thereupon assessed by them and placed upon the assessment roll, for the year 1923, as of the value of $2,500,000 and not subject to taxation; that the assessment roll was completed and delivered to the city clerk on April 2, 1923.

The petition further alleges that the exemption of said property was illegal and in violation of section 4, subdivision 7, of the Tax Law of the state, in that the University of Rochester does not use the said property exclusively for carrying out thereupon one or more of the purposes specified as a ground for tax exemption in the said statute, and particularly stating that a portion of said premises had been and was then used for motion picture exhibitions, for concerts and musical and other entertainments and functions for which a charge for admission was made, and that the receipts therefrom went into the treasury of the university as income, and that, as a consequence, the statute denied the right of exemption from taxation of the portion of said premises so used.

As above stated, upon the allegation of the facts which have been briefly paraphrased, the certiorari order was granted.

The University of Rochester, the owner of the premises affected, was permitted to intervene and unites with the assessors in this motion to dismiss the order; the ground of the application is that the relator's remedy should have been taken under section 290 *et seq.* of the Tax Law and that, since it was not taken within the fifteen-day period of limitation, the proceeding will not lie; in this, I do not concur; the provisions of the Tax Law in this respect are

available only to a person who is resisting an illegal or an excessive assessment or undue proportion of the tax burden arising from over-valuation of his property or erroneous computation of the tax; this is evident not only from the language of the statute itself but from its history and the condition it was designed to meet, that is, to furnish a practical remedy to a complaining taxpayer (*People ex rel. D. & H. Canal Co.* v. *Parker,* 117 N. Y. 86; *People ex rel. Manhattan Ry. Co.* v. *Barker,* 152 id. 417); it is true that he had before, the right to a writ of certiorari, but usually the resort to it was fruitless for, after the assessment roll had left the custody of the assessors, the courts held that they could afford no relief through the writ, and the roll, after its completion, passed so quickly into other hands that the thus offended property owner, however prompt, had insufficient time to invoke the elusive remedy; chapter 269 of the Laws of 1880, now section 290 *et seq.* of the Tax Law, enlarged the scope of the writ and held the custody of the assessment roll in suspense for fifteen days after its completion, to enable any amendment to be made in it by the assessors; it thus appears that the fifteen-day limitation was not a restriction of any existing right or remedy but was rather an enlargement of a too limited remedy to the aggrieved property owner. *People ex rel. Law* v. *Commissioners,* 9 Hun, 609; *People ex rel. Porter* v. *Tompkins,* 40 id. 228; *People ex rel. Weekes* v. *Board of Supervisors,* 82 N. Y. 275; *Matter of Corwin,* 135 id. 245.

The remedy afforded by the Tax Law is an exclusive one in the conditions to which it applies (*People ex rel. Friendly* v. *Davenport,* 119 App. Div. 790; *United States Trust Co. of N. Y.* v. *Mayor, etc.,* 144 N. Y. 488; *Mercantile National Bank* v. *Mayor, etc.,* 172 id. 35); though in *People ex rel. Rendrock Powder Co.* v. *Feitner,* 41 App. Div. 544, it was held that the common-law writ survived to review an assessment void for lack of jurisdiction.

The instant proceeding was not instituted by one whose tax burden was increased by the over-valuation of his own property, but because of the exemption from taxation of the property of another owner, thereby increasing the tax which he himself would be required to pay; he stands, therefore, in a very different relation to the period of limitation, as we have called it for convenience, than the owner of property unjustly taxed; the latter is presumed to be advised as to the action of the assessors in regard to his own property and fifteen days is adequate time within which to take proceedings to correct the roll; there is not the same presumption that a property owner would be able to inform himself of the inequity of the exemptions which the assessors had improperly made and the fifteen-day period, which the legislature clearly

intended to be a benefit to the taxpayer, becomes a restriction upon, or a bar to, any remedy a property owner, situated as the relator is here, may have; these considerations lead to the conclusion before stated, that a proceeding of this character is not within the provisions of the Tax Law.

Our inquiry, however, is not concluded; there remains to be considered whether the proceeding will lie at all and, if the order of certiorari be the proper remedy, whether it was providently granted.

Section 1284 of the Civil Practice Act provides that the certiorari order can be granted only (1) " where the right to the order or to a writ of certiorari is expressly conferred, or the granting thereof is expressly authorized by statute " and (2) " where a writ of certiorari might be issued at common law by a court of general jurisdiction and the right to a certiorari or the power of the court to grant the same, is not expressly taken away by a statute."

The right to the writ in this instance is not expressly authorized by statute nor has it been expressly taken away by statute; it must be found, therefore, if at all,. and in this the counsel for the relator agrees, in the common law.

It is assumed then, that before the legislation of 1880, the writ of certiorari would lie both to review an assessment that was illegal or erroneous and also to review the action of the assessors in omitting taxable property from the assessment roll and thereby increasing the tax upon those whose property was assessed as taxable; as we have seen, the remedy, however, in the first class of cases, was futile for the reasons already mentioned, a condition that gave rise to the legislative enactments now incorporated in the Tax Law; these provisions, however, operating only where the assessment was illegal or erroneous, left the remedy for the failure to assess and tax property unaffected and the relator here has, therefore, no different or other remedy than the common-law writ of certiorari or, as rechristened in the Civil Practice Act, a certiorari order; if the writ furnished no adequate remedy for an aggrieved taxpayer who had been illegally assessed or overtaxed, by parity of reasoning, it could furnish no surer remedy to one whose tax burden had been increased by the omission of taxable property from the roll, if the assessment roll had left the possession of the assessors or that of the persons or agency to whom the writ was directed; naturally, there are fewer cases of this latter character than of the other; none were cited to me upon the argument and my own research has been but slightly productive.

In *People ex rel. Marsh* v. *Delaney,* 49 N. Y. 655, a writ had

46

been issued upon the ground that the defendants had omitted to make proper entries, required by statute, in regard to the property of a corporation which had resulted in the under-valuation of the corporate property; before the writ was issued, the defendants had completed their roll and delivered it to the board of supervisors; the writ was quashed by the court below and, on appeal, the order was affirmed upon the opinion of Grover, J.; the opinion is not reported and is, therefore, not available; the reporter's headnote is in part: " After the roll has been delivered to the board of supervisors and the power of the assessors over it has ceased, a certiorari should not be allowed and, if allowed, should be quashed even after return made."

In *People ex rel. Williams* v. *Board of Assessors*, 2 Hun, 583, reference is made to the case last above cited and the court, in a quotation from the manuscript opinion, gives us a glimpse of the question there involved which is similar to that under consideration here; the quotation is: " The grievance does not consist in a violation of law, in consequence of which the assessment of the relators' property is larger than it should have been, but in a violation whereby the capital stock of the defendant's corporation has been assessed at a sum less than it should have been, thereby increasing the ratio of taxation upon the property of the relators to some extent, and also upon the property of every taxpayer in the city." In this case, too, the writ was quashed.

I am of the opinion, therefore, that the certiorari order under scrutiny should be dismissed; the office of the writ or order is to bring a record before the court for correction or to review the action of an inferior tribunal exercising judicial functions; obviously, the assessment roll cannot be corrected, having passed from the custody of the assessors, and a review of the proceedings would have no practical result; if the action of the assessors be disapproved, the tax burden of the relator and of other taxpayers would not be lessened, nor would any determination be controlling upon the assessors of the following years, though it might perhaps be informative if the facts, upon which they will act, should be identical with those that were before the defendants here.

In *Van Deventer* v. *Long Island City*, 139 N. Y. 133, the court (at p. 138) in reply to the self-propounded question: " What is the remedy of the taxpayer whose taxes are too high because some property has been omitted from the assessment roll?" suggests two or three courses of action other than court procedure and concludes with the mournful confession that: " The mischiefs from unjust and unequal taxation are numerous and most of them are without any adequate remedy."

The legislature can, of course, supply the needed relief; as it enlarged the remedy for a property owner whose tax burden had been increased directly, so it can extend the remedial statute to relieve one whose tax burden has been indirectly enhanced by the exemption from tax of property other than his own.

The motion is granted.

Ordered accordingly.