THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS HOESTEREY, JR., Appellant, *v.* GEORGE S. TAYLOR and Others, as Assessors of the City of Rochester, New York, and Another, Respondents.

Fourth Department, July 1, 1924.

Taxation — certiorari by taxpayer to review action of assessors in exempting certain property from taxation — Tax Law, § 290 et seq. relating to certiorari is not applicable and taxpayer not required to comply with Tax Law, §§ 36, 36-a and 37 — petitioner has remedy by common-law certiorari — if exemption is illegal tax may be assessed in following year.

A taxpayer who feels himself aggrieved because the assessors have exempted certain property from taxation does not have a remedy by writ of certiorari issued pursuant to the provisions of section 290 *et seq.* of the Tax Law and is not controlled by the requirement that a complaint must be made to the board of assessors during the time appointed for the hearing of grievances, and that a writ must be procured during a period of fifteen days after notice of the com-

pletion and filing of the assessment roll as required by sections 36, 36-a and 37 of the Tax Law.

The taxpayer may, however, have the action of the board of assessors reviewed by common-law writ of certiorari and, if it is found that the exemption was illegally made, the tax which should have been assessed may be assessed in the following year.

CLARK, J., dissents, with memorandum.

APPEAL by the petitioner, Julius Hoesterey, Jr., from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 4th day of January, 1924, vacating a certiorari order and dismissing the proceedings.

*James L. Brewer,* for the appellant.

*Clarence M. Platt, Corporation Counsel,* for the respondents Taylor and others, as assessors, etc.

*Hubbell, Taylor, Goodwin & Mosher [Walter S. Hubbell* of counsel], for the respondent University of Rochester.

DAVIS, J.:

The University of Rochester owns the building known as the Eastman School of Music, which includes the Eastman Theatre and Kilburn Hall situate in the city of Rochester. On the 1923 assessment roll of the city this property, valued at $2,500,000 is, by a determination of the board of assessors, exempted from taxation.

The assessment roll passed from the hands of the assessors when about April 1, 1923, it was filed with the city clerk. The statute required it to be delivered to the city treasurer on or before April twentieth. (Charter of Rochester [Laws of 1907, chap. 755], § 190; Id. § 188, subd. 1, as amd. by Laws of 1909, chap. 553.) On the following July sixth the petitioner applied at Special Term and obtained a certiorari order for a review of the proceedings of the assessors and their determination in granting such exemption. That order was upon motion vacated and the petitioner has appealed.

The general question presented is whether there exists any legal remedy furnished a taxpayer whose burden of taxation is increased by the illegal exemption from taxation of property of great value. The particular question before us is whether he may have such remedy by certiorari to review the action of the assessors in thus granting exemption. It seems to be conceded that he has no other remedy.

The question now here is entirely one of procedure. We are not at present at all concerned with the merits of the controversy.

The respondents urge that if the petitioner had a remedy it was by a writ of certiorari issued pursuant to the provisions of sections 290 *et seq.* of the Tax Law (as amd. by Laws of 1916, chap. 323, and Laws of 1920, chaps. 643, 649). That remedy, it is claimed, is not now available to the petitioner because he failed to make complaint before the board of assessors during the time appointed for the hearing of grievances, and failed to procure a writ during a period of fifteen days after notice of the completion and filing of the assessment roll.

The writ provided for in the Tax Law is a special form of writ called certiorari. (See *People ex rel. Manhattan R. Co.* v. *Barker*, 152 N. Y. 417, 437.) We all agree, I think, with the view taken by the learned court at Special Term (121 Misc. Rep. 718), that this special writ is intended to furnish a remedy only to a person aggrieved by an illegal assessment either on property that he does not own, or an erroneous or illegal assessment on his own property. The writ is granted for the benefit of that class, and is not intended to furnish an available remedy to a taxpayer who is aggrieved by the action of the board in respect to the property of others. This, as the opinion below points out, " is evident not only from the language of the statute itself but from its history and the condition it was designed to meet, that is, to furnish a practical remedy to a complaining taxpayer. (*People ex rel. D. & H. Canal Co.* v. *Parker*, 117 N. Y. 86; *People ex rel. Manhattan R. Co.* v. *Barker*, 152 id. 417.) "

It is obvious that section 37 of the Tax Law (as amd. by Laws of 1916, chap. 323) contemplates a complaint only by the " person assessed or whose property is assessed." It would be impossible for a person in the situation of the petitioner to make an examination of the entire assessment roll and discover property other than his own illegally omitted or granted exemption on the assessment roll, and make reasonable objections and produce proof before the assessors in the brief period provided by sections 36 and 37 of the Tax Law (as amd. by Laws of 1916, chap. 323)* and by section 36-a of the Tax Law (added by Laws of 1916, chap. 323, as amd. by Laws of 1922, chap. 209); or by special statutes applying to different municipalities regulating the time of examination and objection.

The question is then, may such an aggrieved taxpayer, by a certiorari order, obtain a determination by a court of the legal question arising when property of great value has been granted exemption by the board of assessors. We are also in agreement, I think, that a municipality or a person whose burden of taxation

---

* See Laws of 1924, chap. 491, since amdg. Tax Law, §§ 36, 37.— [REP.

is thus illegally increased, should have a remedy similar in effect to that granted to an individual taxpayer who has been furnished a remedy for correcting an illegal assessment which casts upon him an unwarranted burden. The petitioner is a person interested. (11 C. J. 137.)

Certiorari is a common-law prerogative writ issued from a superior court to review not only proceedings in inferior courts, but also proceedings of inferior officers, boards and tribunals acting in a judicial or quasi judicial character. (11 C. J. 87, 120; *People ex rel. Smith* v. *Hoffman*, 166 N. Y. 462.) The remedy it furnished has been preserved in this State by statute. (Civ. Prac. Act, § 1284, subd. 2.) It may be invoked to review an assessment. (*Baldwin* v. *Calkins*, 10 Wend. 167; *Matter of Mt. Morris Square*, 2 Hill, 14; 11 C. J. 134; 37 Cyc. 1120.) An application for a writ to review illegal acts of the assessors has been denied when it would furnish no practicable remedy. (*People ex rel. Marsh* v. *Delaney*, 49 N. Y. 655; *People* v. *Assessors of Albany City*, 2 Hun, 583.) This was on the ground that by the time the matter was determined in court, the assessment roll would have passed from the hands of the assessors and they would have no authority or power to correct it. Certiorari may also be refused where a reversal of the determination would be to cause prejudice to the interests of the public (11 C. J. 130); and an application therefor might properly be denied if the granting thereof would result in great delay in completing and filing the assessment roll, and confusion as to the basis of taxation in the district.

Formerly it seems there was no remedy where property was omitted from the assessment roll and no method of correction of errors thereon. In 1865 the Legislature adopted a method for the correction of assessments on property legally liable to taxation, which had been omitted in the assessment roll of the preceding year, by giving the assessors authority to enter said property in the assessment roll of the current year at the valuation in the year in which said tax was omitted, or otherwise; and giving power to the board of supervisors upon the petition of the assessors showing that property was not taxed in the preceding year to levy a tax thereon at the same rate of tax imposed upon property in that district in the preceding year; and providing for the collection of the tax; and also upon such petition that any property had been omitted in the assessment roll of the current year the board was directed to insert the same in the roll for the current year at the valuation of the preceding year and tax the same at the rate for that current year. (Laws of 1865, chap. 453.)

In 1868 a statute provided for the correction by the supervisors

of mistakes where property had been placed on the assessment roll annexed to the warrant delivered to the collector at a valuation less than that actually appearing upon the original assessment roll; and provided for the levy of a tax on the same upon a valuation equal to the difference between the actual valuation and the amount at which by such mistake it was placed upon such roll. (Laws of 1868, chap. 575.)

The owner doubtless would be entitled to notice of changes or corrections made pursuant to these statutes, and an opportunity to be heard to object. (*Overing* v. *Foote*, 65 N. Y. 263, 277.)

It is evident that the Legislature intended if possible to wipe out the injustice arising where an owner of property is able to escape the duty of bearing his fair share of the expense of government, whether the omission or mistake by which he profited was intentional or unintentional. The result of such omission was that other taxpayers were called upon to bear the burden he had avoided or shirked.

Without attempting to follow the history of this legislation with any degree of accuracy, we find that similar provisions are contained and amplified in the present Tax Law. (See Tax Law, §§ 34, 56, 88-a, 89.)*

There exists now, in my opinion, a practical remedy in certiorari under the facts here presented. The board of assessors, very likely laymen, have determined a legal question of great importance to every person in the city of Rochester. They acted, I have no doubt, in perfect good faith, for it seems that they were advised by the corporation counsel in a written opinion that the property was legally entitled to exemption. But if the petitioner or others doubt the soundness of the legal conclusion thus reached, there should be opportunity to review the determination of this question in the courts. The final decision should not be permitted to rest with those who must always be more or less interested and not entirely free from distracting influences. This, I think, can be done under the existing law without in any way disturbing the roll already filed, or causing prejudice, delay or embarrassment in the collection of taxes. If it should be decided that the exemption was proper, then the roll is not affected. If it should be decided that the exemption was illegal, then by action of the board of

* See Tax Law, § 34, as amd. by Laws of 1916, chap. 323, and since amd. by Laws of 1924, chap. 331; Id. § 56, as amd. by Laws of 1919, chap. 191, and since amd. by Laws of 1923, chap. 897, and Laws of 1924, chap. 398; Id. § 88-a, added by Laws of 1913, chap. 666, as amd. by Laws of 1916, chap. 323; Id. § 89 as amd. by Laws of 1916, chaps. 323, 332, and since amd. by Laws of 1923, chap. 793.— [REP.

assessors or that of the board of supervisors upon their petition, the property can be added to the next year's roll and the tax collected then.

To decide that there is no remedy means that the error must be perpetuated unless, as has been suggested, some sort of political revolution occurs changing the officers who have decided otherwise. (*Van Deventer* v. *Long Island City*, 139 N. Y. 133, 138.)

Even if there were no practicable way of correcting the assessment, I think the question should be decided in view of its public importance. Under such circumstances courts will at times make a decision even when the question has become academic. (*People ex rel. Press Publishing Co.* v. *Martin*, 142 N. Y. 228, 234.) The office of common-law certiorari is to review determinations alleged to be illegal and to point out to the tribunal which has acted the just and legal course to pursue. The court by such writ does not attempt to compel performance of the duty it defines, but leaves aggrieved parties to pursue such further remedy as the law gives them. (*People ex rel. Oneida Valley Nat. Bank* v. *Supervisors of Madison Co.*, 51 N. Y. 442; *People ex rel. Schuylerville & Upper Hudson R. R. Co.* v. *Betts*, 55 id. 600.)

I am not informed as to any special provisions governing assessment of property and the review thereof contained in the charter of the city of Rochester; but have reached these conclusions from existing laws of general application.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur, except CLARK, J., who dissents in a memorandum; HUBBS, P. J., not sitting.

CLARK, J. (dissenting):

The University of Rochester is a domestic educational corporation. On the tax rolls of 1923 of the city of Rochester the Eastman School of Music, including Kilburn Hall and the Eastman Theatre, were assessed for purposes of taxation. These are valuable properties and are owned by the university. The school of music and the theatre are under one roof and are connected by corridors.

The university objected to this assessment, claiming that the properties were exempt from taxation under subdivision 7 of section 4 of the Tax Law (as amd. by Laws of 1921, chap. 446).*

On the 9th day of March, 1923, the assessors, on advice of the corporation counsel of the city of Rochester, struck said properties from the tax rolls and exempted the University of Rochester from taxation thereon.

---

* Since amd. by Laws of 1921, chap. 489.— [REP.

The assessment rolls were then completed and delivered to the proper officer on or about the 1st day of April, 1923. On the 6th day of July, 1923, petitioner, a taxpayer of Rochester, applied at a Special Term of this court for a certiorari order, which was granted requiring the assessors to make return of their proceedings with reference to the exemption of said properties from taxation. Said order was subsequently vacated by the Special Term.

The question whether or not these properties were exempt from taxation under the terms of subdivision 7 of section 4 of the Tax Law, is not before us. A question of procedure is alone involved.

Respondents contend that the provisions of the Tax Law (§ 290 *et seq.*, as amd. by Laws of 1916, chap. 323, and Laws of 1920, chaps. 643, 649) afford petitioner his exclusive remedy. We reach a different conclusion.

The right to review a claimed erroneous assessment under section 290 *et seq.* of the Tax Law is for the benefit of an aggrieved taxpayer because of an illegal assessment, or one that is erroneous by reason of overvaluation, or unequal because the assessment was made at a higher proportionate valuation than other property on the same assessment roll.

The claim of petitioner does not come within the scope of those sections. His complaint is simply that his tax burden is increased because property has been omitted from the tax roll which he claims should be taxed.

The Tax Law authorizes a writ of certiorari to review assessments which are illegal, erroneous and unequal, but it does not afford a remedy for a taxpayer who claims that his tax burden is increased because of the omission of property from the tax roll which he claims is liable for taxation. (37 Cyc. 1124; *Van Deventer* v. *Long Island City*, 139 N. Y. 133.)

Section 1284 of the Civil Practice Act provides that a certiorari order can be granted only: *First*, " Where the right to the order or to a writ of certiorari is expressly conferred, or the granting thereof is expressly authorized, by a statute," and *second*, " Where a writ of certiorari might be issued at common law, by a court of general jurisdiction, and the right to a certiorari, or the power of the court to grant the same, is not expressly taken away by a statute."

In this case the right to the order or writ is not expressly authorized by statute, nor has it been expressly taken away by statute.

The charter of the city of Rochester provides that the completed tax rolls, duly verified by the oath of the assessors, must be in the hands of the city clerk before April first of each year. (Charter

of Rochester [Laws of 1907, chap. 755], § 188, subd. 1, as amd. by Laws of 1909, chap. 553.)

The tax rolls, with the mayor's warrant duly annexed thereto under the seal of the city, must be delivered to the city treasurer on or before the twentieth day of April in each year. (Charter of Rochester, § 190.)

In *People ex rel. Western N. Y. & Penn. R. Co.* v. *Woodbury* (133 App. Div. 503) it is held: " The charter [of Rochester] seems to contain within itself a complete system of procedure relative to the assessment and collection of taxes."

Under the provisions of the city charter the assessment on the rolls of 1923 became final before petitioner raised the slightest objection to the proceeding of striking off the property in question from the assessment roll.

It is undisputed that the assessment roll of 1923 for the city of Rochester was in the hands of the proper city official at the time specified in the charter.

Petitioner made no objection to the assessors for their omission to place the property in question on the assessment rolls for 1923, and he did not obtain a certiorari order to review their proceedings until nearly three months after the tax roll had passed out of the possession of the assessors.

One of the objects of the certiorari order is to bring the records before the court for correction if necessary, or to review the proceedings of the inferior board or tribunal.

The assessment roll having passed out of the possession of the assessors long before petitioner obtained his certiorari order, it is not available to him for the power of the assessors over the tax roll had ceased and it cannot be produced by them.

There are few cases cited or that I have been able to discover that throw much light on this controversy. In *People ex rel. Marsh* v. *Delaney* (49 N. Y. 655) a writ was issued on the ground that the assessors had omitted to make proper entries in regard to property of a corporation which had resulted in under valuation of corporate property. Before the writ was issued defendants had completed their tax roll and had delivered it to the board of supervisors. The writ was quashed at the Special Term and on appeal the order was affirmed with an opinion which was not published. The head note states: " After the roll has been delivered to the board of supervisors and the power of the assessors over it has ceased, a certiorari should not be allowed, and if allowed, should be quashed even after return made."

If petitioner has a grievance because property was omitted from the tax roll which he claims should have been entered thereon

for purposes of taxation, the action of the assessors ought to be subject to review, but under the facts presented in the instant case I am of the opinion that he has no remedy by way of certiorari.

It is possible that hereafter petitioner could bring a taxpayer's action to restrain the assessors from doing a claimed illegal act in failing to include on the tax rolls property that he urges should be taxed, or if it is ascertained that the property in question is taxable it could be entered on the tax roll of the next succeeding year and at the value of the year when it was omitted. (*People ex rel. Oswald* v. *Goff*, 52 N. Y. 434; 37 Cyc. 1090.)

But in this case when the assessment rolls were out of the hands of the assessors a considerable time before petitioner made any effort to review their proceedings, and when he did not object to striking off the property from the assessment rolls, and when, as stated on the argument and not controverted, the taxes have been substantially collected, it would work a great injustice and produce public inconvenience to interfere in the matter at this late date. (*People ex rel. Onderdonk* v. *Supervisors of Queens Co.,* 1 Hill, 195; *People ex rel. Toms* v. *Board of Supervisors,* 199 N. Y. 150.)

An entire assessment roll cannot be declared invalid simply because a parcel of real estate was omitted therefrom either through ignorance or design of the assessors. (*Van Deventer* v. *Long Island City,* 139 N. Y. 133.)

The order should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.