THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS HOESTEREY, JR., Respondent, *v.* GEORGE S. TAYLOR et al., as Assessors of the City of Rochester, Appellants, Impleaded with Another.

*Tax — certiorari will not issue to review action of assessors after assessment rolls have passed from their custody — appeal to Court of Appeals will not decide academic question.*

1. Where assessment rolls have passed out of the custody and control of the assessors, an order of certiorari should not be granted to review their action in exempting property from assessment.

2. The Court of Appeals will not decide questions which by lapse of time were abstract and academic at the inception of the litigation, even though it might be for the public interest to have them determined.

*People ex rel. Hoesterey v. Taylor*, 210 App. Div. 196, reversed.

(Argued January 19, 1925; decided February 3, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 7, 1924, which reversed an order of Special Term granting a motion to vacate an order of certiorari to review the action of the assessors of the city of Rochester in exempting from assessment for the purpose of taxation property of the University of Rochester known as the Eastman School of Music and denied said motion.

The following questions were certified:

" 1. Upon the facts appearing in the petition herein, is the relator entitled to a certiorari order to review the action of the assessors of the city of Rochester in exempting from assessment the property described in the petition?

" 2. Are the legal questions which will arise upon a hearing upon the merits, relative to the exemption of the property described in the petition, of such public interest that they should be determined, even though the court might not be able to grant specific relief by correction of the assessment roll? "

*Clarence M. Platt, Corporation Counsel* (*Clarence P. Moser* and *Walter S. Hubbell* of counsel), for appellants.

*James L. Brewer* for respondent.

*Per Curiam.* Upon the facts appearing in the petition herein the relator was not entitled to a certiorari order to review the action of the assessors of the city of Rochester in exempting from assessment the property described in the petition, if for no other reason, because the assessment rolls had passed out of the custody and control of the assessors at the time the certiorari order was granted. The court was then without power to order the correction of the assessment rolls.

The court will not decide questions which by lapse of time were abstract and academic at the inception of the litigation, even though it might be for the public interest to have them determined. (*Hanrahan* v. *Terminal Station Comn. Buffalo,* 206 N. Y. 494; *Matter of State Ind. Com.,* 224 N. Y. 13; cf. *People ex rel. Press Pub. Co.* v. *Martin,* 142 N. Y. 228, 234, on appeal after a hearing had been had on the merits and the judgment of the court had been rendered.)

The questions certified should be answered in the negative, the order of the Appellate Division reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order reversed, etc.