THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF NEW YORK, Appellant and Respondent, v. JOHN R. YALE et al., as Assessors of the Tax District of the Town of Southeast, Putnam County, Respondents and Appellants.

(Argued May 29, 1928; decided July 19, 1928.)

*George P. Nicholson,* Corporation Counsel (*Frank T. Fitzgerald* of counsel), for relator, appellant and respondent. The Appellate Division erred in affirming the award of costs and an additional allowance granted at Special Term, since respondents are entitled to costs only in the event the writ of certiorari is quashed or the assessment confirmed. (*Evans* v. *Supreme Council of Royal Arcanum,* 223 N. Y. 504; *City of New York* v. *Keeler,* 205 App. Div. 467; *People ex rel. City of New York* v. *Keeler,* 237 N. Y. 335: *People ex rel. City of New York* v. *Pietschker,* 216 App. Div. 815.)

*Walter H. Young* for defendants, respondents and appellants. The costs and additional allowance granted at Special Term were properly not disturbed by the Appellate Division and should not be disturbed by this court. (*Nod Away Company* v. *Carroll,* 240 N. Y. 252; *People* v. *New York Central R. R. Co.,* 208 N. Y. 589; *Dodge* v. *Cornelius,* 168 N. Y. 242; *Menzies* v. *Harlem Loan Assn.,* 30 Misc. Rep. 781; *Cunningham* v. *Hewitt,* 84 App. Div. 114.)

LEHMAN, J. Fourteen parcels of land belonging to the relator in the town of South East, Putnam county, have been assessed for sums aggregating $2,015,652. The relator, claiming that the assessments were erroneous,

illegal and unjust by reason of overvaluation, sought to review the assessments by writ of certiorari. The court at Special Term found that some of the parcels of land were overvalued, but it also found that three other parcels were assessed at less than their full value, and that there was no overvaluation in the total assessments of all the parcels; and an order was entered confirming the assessments. Costs and an extra allowance of $2,000 were granted to the tax assessors. Upon appeal to the Appellate Division, the increases in the assessments of parcels, which the court at Special Term had found were assessed at less than their full value, were eliminated. Otherwise the order of Special Term was affirmed, including the award of costs and extra allowance against the relator. The result is that the aggregate assessments of the relator's land have been reduced from the sum of $2,015,652 to the sum of $1,575,545. Both sides have appealed from the order of the Appellate Division.

We find no error in the valuation placed by the court upon the separate parcels of land assessed. No property which the court held was subject to assessment is exempt under section 480 of the Greater New York Charter. " The court was without power to increase the assessment of one parcel for the purpose of overcoming the effect of a reduction of the assessments of the others." (*People ex rel. City of New York* v. *Keeler*, 237 N. Y. 332.) The modification of the order of Special Term, in this respect, by the Appellate Division was correct.

When that modification was made the court no longer had power to award costs and an extra allowance against the relator. The assessment complained of has been reduced by an amount less than one-half the amount claimed before the assessing officers. In such case, under section 294 of the Tax Law (Cons. Laws, ch. 60), prior to its amendment in 1920, the tax authorities were entitled to an award of costs against the petitioner. Under that section as amended in 1920, where the assessment is reduced by an

amount less than half the reduction claimed before the assessing officers, " costs and disbursements may, in the discretion of the court, be awarded against the tax district represented by the officers whose proceedings may be reviewed." The statute vests no discretion in the court, in such case, to award costs against the relator.

It is said that the relator is precluded from a review of the award of costs because it failed to raise this question in the Appellate Division. The order of Special Term reviewed by the Appellate Division provided for no reduction in the assessments. Costs against the petitioner followed as a matter of law. The petitioner might complain of the order confirming the assessments; but until the Appellate Division reduced the assessments the petitioner might not complain of the award of costs. The petitioner brings here for review no error of the Special Term in awarding costs but the error of the Appellate Division in allowing the award of costs to remain in the order after it had destroyed the statutory foundation for the award of any costs against the petitioner by reducing the assessments. That error was, in fact, called to the attention of the Appellate Division upon the resettlement of its order. It may now be reviewed by this court.

The order of the Appellate Division should be modified by striking out the award of costs and extra allowance, and as modified affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.