Joseph G. Fritsch, J.
The petitioners herein come before this court seeking to review the 1970 assessment on the Robert E. Ginna Nuclear Power Plant located in the Town of Ontario, Wayne County, New York. They seek this review by a petition under title 78 of the CPLR and one under article 7 of the Real Property Tax Law. The petitions in both proceedings are identical.
The respondents herein cross-move for an order pursuant to CPLR 3211 and-3212 dismissing the petitioners’ petitions herein and for summary judgment on various grounds as stated in their moving papers and affidavits.
It is the contention of the petitioners that the property owned by the Robhester Gas & Electric Corporation and known as Robert E. Ginna Nuclear Power Plant, situate in the Town of Ontario, Wayne County, New York, is underassessed and, therefore, its assessment is incorrect. The tax assessment involved was levied in the year 1969, the tax status date for the assessment being May 1,1969. The petitioners in applying for review under article 78 of the CPLR and under article 7 of the Real Property Tax Law seek an increase in this tax assessment on the Rochester Gas & Electric property, claiming that such property was assessed at a lower percentage of true or full value than other properties in the Town of Ontario and other real property on the same assessment roll. They contend and allege -that the true or full value of the plant is in excess of $100,000,000 rather than $37,528,800, the true and full value as judged by assessor, James B. Parsons; and they, therefore, ask the court to ‘‘ review and correct on the merits ’’the final assessment of James B. Parsons, the assessor for the Town of Ontario, Wayne County, New York, and ‘ ‘ to take evidence ’ ’ to enable the petitioners 1 e to show the unjust, unequal, illegal, erroneous, unconstitutional, arbitrary and capricious assessment of the plant, to the end that the said assessment may be increased to a valuation proportionate to the assessment of other real property assessed on the same rolls for the same year,” of 1970.
The respondent has moved on various grounds, as stated in the moving papers, to dismiss this proceeding and for summary judgment.
I will first consider the proceeding brought under article 78 of the CPLR, which proceeding is in the nature of certiorari to review.
*840 To decide the question as to whether the relief, which the petitioners seek, is available to them under this proceeding and to decide the respondent’s motion, it is necessary, first, to review historically the purpose of article 78 of the CPLR.
The remedies of certiorari to review, mandamus and prohibition, which were three distinct remedies, each designed for a different type of wrong, were part of the law of England and became part of the law of New York. When the former Civil Practice Act was adopted and became effective in 1921, they were continued, but the writ practice was abolished in favor of an order. In 1937 the New York Legislature abolished these writs and combined the remedies under a proceeding against a body or officer in article 78 of the Civil Practice Act. Article 78 of the Civil Practice Act was superseded in 1963 by the present article 78 of the CPLR (23 Carmody-Wait 2d, New York Practice, § 145:1, page 423), CPLR 7801 being in part as follows: ‘ ‘ Relief previously obtained by writs of certiorari to review, mandamus or prohibition shall be obtained in a proceeding under this article. Wherever in any statute reference is made to a writ or order of certiorari, mandamus or prohibition, such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article.”
. The purpose and effect of the present article 78 of the CPLR, and article 78 of the former Civil Practice Act was to simplify, and unify the procedure in connection with the three old remedies of, certiorari to review, mandamus and prohibition. They were merely remedial on the practice side. The substantive side of the remedies was left unaffected, there being no intention to extend, limit, or abolish the various remedies in substance. (23 Carmody-Wait 2d, § 145:2, pp. 424 and 425; Matter of Newbrand v. City of Yonkers, 285 N. Y. 164.) Thus, the relief formerly obtained by certiorari to review remains unchanged in reference to its function and the conditions under which it is granted. (See Matter of Barber v. Richardson, 175 Misc. 210; Matter of Browne v. Rice, 171 Misc. 695, affd. 259 App. Div. 847.)
Historically, as a matter of substantive law, the right to a certiorari order had to be found either in an express provision of statute or, if it had not been expressly granted or expressly taken away by statute, in the common law. (See 23 Carmody-Wait 2d, p. 429, n. 14 and 23 Carmody-Wait 2d, § 145:5.)
In a proceeding such as the one here where the object is “to review and correct on the merits ” an assessment, the common-law writ extended only to the review of the assessments void for want of jurisdiction on the part of the assessors, or to the review *841 of assessments containing some illegality as distinguished from errors of judgment, whether affecting a question of law or of fact. (See Powell and Jacobs, Reducing Realty Taxes [3d ed.], pp. 262-264; also People ex rel. Kendall v. Feitner, 51 App. Div. 196, and People ex rel. Ruppert Realty Corp. v. Cantor, 115 Misc. 519, affd. 204 App. Div. 863.)
In this proceeding we do not have a claim by petitioners that the assessment is void for want of jurisdiction, or that the assessment contains some illegality as distinguished from errors of judgment, but rather the claim is that the assessor, Parsons, erred in his judgment which resulted in an assessment that was unjust, unequal, erroneous, unconstitutional, arbitrary and capricious, and was, therefore, illegal. This proceeding is not based in mandamus, which is a proceeding to compel action and to set in motion, because here the assessor has acted but is claimed to have acted erroneously.
The office of the code writ, which was the same substantially as the common-law writ, was not to revise or modify or set aside assessments on the ground that they were excessive or unequal, but it only extended to assessments void for want of jurisdiction. (See People ex rel. Kendall v. Feitner, supra, and text, Powell and Jacobs, Reducing Realty Taxes, p. 264; see, also, Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 324 et seq.)
Thus, a taxpayer whose assessment was excessive or unequal had no adequate remedy, and by parity of reasoning the writ could furnish no surer remedy to one whose tax burden has been increased by the omission of taxable property from the roll or as here alleged, the underassessment or property of others. (See Fifteenth Annual Report of N. Y. Judicial Council, 1949, supra, and People ex rel. Hoesterey v. Taylor, 121 Misc. 718, revd. 210 App. Div. 196, revd. 239 N. Y. 626.)
To give the .taxpayer a remedy in a situation where it was alleged that the assessment was excessive and unequal, and where the relief sought was to revise and modify or set aside the assessment, the Legislature in 1880 enacted a statute (L. 1880, ch. 269) creating a new and complete system for correcting the errors of assessors (see People ex rel. Wallkill Val. R. R. Co. v. Keator, 101 N. Y. 610). The provisions of the 1880 statute were substantially re-enacted and enlarged in 1896, (L. 1896, ch. 908, § 250 et seq.) and subsequently became former article 13 of the Tax Law. In 1949 this article 13 was completely revised and a simple proceeding was substituted therefor. (See Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 321 et seq.) In 1959 article 13 of the Tax Law was repealed and superseded by article 7 of the Real Property Tax Law, which *842 continued without substantive change, the review proceedings contained in article 13 of the Tax Law. (See 24 Carmody-Wait 2d, § 146:2, pp. 247, 248 and 249.)
Where the taxing officer has jurisdiction, his acts are not void for mere error and cannot be collaterally attacked, but can only be reviewed in the manner provided by article 7 of the Beal Property Tax Law (see Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206) by taxpayers who are aggrieved by excessive or illegal assessment upon property owned by them, or in which they have a derivative form of ownership, or in which they have an equitable interest. The petitioners, if aggrieved, have, therefore, as their sole remedy to challenge a tax assessment on the grounds of illegality or irregularity, a proceeding for the judicial review of assessments under article 7 of the Real Property Tax Law; (see Town of Harrison v. County of Westchester, 25 A D 2d 759; People ex rel. Kendall v. Feitner, 51 App. Div. 196, supra; People ex rel. Lehigh Val. Ry. Co. v. Clover, 174 Misc. 44; Real Property Tax Law, § 700), the object of such a proceeding being to decrease an overvaluation made by the assessor.
Further, and only for the sake of argument, assuming an article 78 proceeding was available to the petitioners, there is no remedy in law that could be given in such proceeding because the tax rolls passed from the custody of the assessor on August 25, 1969, and the court would be without power to order their correction. (See People ex rel. Hoesterey v. Taylor, 121 Misc. 718, revd. 210 App. Div. 196, revd. 239 N. Y. 626.)
Based on all of the foregoing, the petition seeking to review and correct on the merits the assessment of the nuclear plant pursuant to article 78 of the CPLB fails to state a cause of action, and is, therefore, dismissed and the motion for summary judgment on the merits in favor of the respondent is granted.
The second proceeding before the court is a proceeding brought under article 7 of the Beal Property Tax Law.
The relief, which the petitioners seek, is not available to them under article 7 of the Real Property Tax Law. Upon an examination and analysis of article 7 and other sections of the Beal Property Tax Law and of case law, it is clear that article 7 was designed by the Legislature to give relief only to taxpayers who are aggrieved by excessive or illegal assessments upon property owned by them, or in which they have a derivative form of ownership, or in which they have an equitable interest.
The purpose and intent of the present Real Property Tax Law (L. 1958, ch. 959, eff. Oct. 1, 1959) was to codify in a new consolidated law all of the provisions of general application *843 relating to the assessment and taxation of real property which were found disbursed throughout the various laws of the State, and to simplify and restate the law relating to the assessment and taxation of real property without making substantive change in it. (See Memorandum of Advisory Committee to Board of Equalization and Assessment, McKinney’s, Cons. Laws of N. Y., Book 49A, p. XXI and introduction to the Real Property Law in the same volume, p. XXXII.)
The first predecessor law to the present article 7 of the Beal Property Tax Law (Judicial Beview) was chapter 269 of the Laws of 1880. The proceeding to review provided for in the 1880 law gave a remedy for the first time to a taxpayer whose assessment was excessive or unequal, and it permitted the review of his assessment alleged to be illegal and erroneous by reason of overvaluation or unequality in that the assessment was made at a higher proportionate valuation than other property on the same role by the same officers, (gee Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 324 and 325; also Memorandum of Advisory Committee to Board of Equalization and Assessment, supra, p. XXVIII, and also 24 Carmody-Wait 2d, § 146:2, pps. 247-248.)
An examination of certain of the present language used in the Beal Property Tax Law affirms the intent of the 1880 Legislature and the conditions it was designed to meet. Subdivision 1 of section 512 states that complaints by way of sworn statements filed with the Board of Beview: ‘ ‘ must be made by the person whose property is assessed, or by some person authorized to malee such statement who has knowledge of the facts stated therein.”
Subdivision 3 of section 512 states: ‘ ‘ The board of review shall thereafter determine the final assessment of the real property of each complainant and shall correct the assessment roll accordingly.”
Section 706 states that the petition to review must allege the grounds of the illegality: “ or if erroneous by reason of overvaluation, stating the extent of such overvaluation, or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other real property on the same roll by the same officers, and stating that the petitioner is or will be injured thereby.”
Section 720 states that if the court determines that the assessment is erroneous or unequal: ‘u' it shall order a reassessment of the real property of the petitioner or the correction of the assessment upon the roll ”.
*844 Subdivision 1 of section 722 states that the petitioner is allowed costs: “ if the assessment is reduced ”.
Section 726 states that where the final order of the court is not made in time to enable the assessor to make a new or corrected assessment: “then any amount at any time collected upon such illegal, erroneous or unequal assessment, except as otherwise provided in section thirteen hundred sixteen of this chapter, shall be refunded as follows.”
In examining the tax review legislation since the Laws of 1880 to the present article 7 of the Real Property Tax Law it is clear that the right to review was meant to give relief to taxpayers who were aggrieved by assessments made upon property owned by them or in which they had an equitable interest. It provided them a remedy whereby they could obtain a reduction or lowering of their assessment by having the overvaluation of their property decreased.
To be an aggrieved person the injury must be direct and not remote or as a consequential result. (See Matter of Walter, 75 N. Y. 354; 58 N. Y. Jur., Taxation, § 177; Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 336 and 337; Powell and Jacobs, Reducing Realty Taxes [3d ed., 1947], pp. 305-306; Review and Reduction of Real Property Assessments by Lee & Le Forestier, pp. 46-47.)
The remedy afforded by article 7 of the Real Property Tax Law is to obtain a decrease in one’s assessment when the assessment is beyond the actual value of said property. If there is no overvaluation of a taxpayer’s property, it does not follow that the taxpayer will be injured by an undervaluation of some piece of property belonging to another. (See People ex rel. Warren v. Carter, 109 N. Y. 576; Matter of Wolf v. Assessors of Town of Hanover, 308 N. Y. 416; People ex rel. Yaras v. Kinnaw, 303 N. Y. 224.) In this proceeding the school district is not a taxpayer liable for the payment of taxes on real property and, therefore, has no standing as an aggrieved person (see Matter of Village of Pelham v. New York State Bd. of Equalization & Assessment, 208 Misc. 201; Union Free School Dist. No. 1, of Town of Brownville v. Village of Glen Park, 109 App. Div. 414; Board of Educ. of Union Free School Dist. No. 6 v. Board of Educ. of Union Free School Dist. No. 7, 76 App. Div. 355, 359, affd. 179 N. Y. 556). The petitioner, Roome, on behalf of himself and others does not claim overvaluation seeking a decrease in Ms assessment and the assessment of others, and is, therefore, not aggrieved. (See Matter of Walter, 75 N. Y. 354.)
The Legislature never intended to make a taxpayer an “ assessor ” of the property of another. They gave a taxpayer *845 a remedy that was subjective and not one objective so as to increase the assessment and tax on another’s property (Matter of Village of Pelham v. New York State Bd. of Equalization & Assessment, supra).
A court is without power, in a proceeding to review tax assessments, to increase the valuation fixed by the assessors for the function of assessment is distinct from the function of review. (See 24 Carmody-Wait 2d, § 146:113, p. 340. See, also, People ex rel. City of New York v. Keeler, 237 N. Y. 332; People ex rel. City of New York v. Voris, 237 N. Y. 569; People ex rel. City of New York v. Yale, 249 N. Y. 150; People ex rel. Kemp Real Estate Co. v. O’Donnel, 198 N. Y. 48; Matter of Village of Pelham v. New York State Bd. of Equalization & Assessment, 208 Misc. 201.)
To adopt the' contention of the petitioners would ‘ ‘ greatly embarrass the collection of taxes and lead to burdensome litigation ”. (See People ex rel. Warren v. Carter, 109 N. Y. 576, 581, supra.)
Justice Stephens in a Special Term decision put it another way in the case of People ex rel. Hoesterey v. Taylor, 121 Misc. 718, 719-720, revd. 210 App. Div. 196, revd. 239 N. Y. 626, when he said: “ the provisions of the Tax Law in this respect are available only to a person who is resisting an illegal or an excessive assessment or undue proportion of the tax burden arising from over-valuation of his property or erroneous computation of the tax; that is evident not only from the language of the statute itself but from its history and the condition it was designed to meet ’ ’.
The Appellate Division, Fourth Department (p. 198) while reversing Justice Stephens, did agree with him that the proceeding was not proper under the Tax Law, stating: ‘ ‘ The writ is granted for the benefit of that class, and is not intended to furnish an available remedy to a taxpayer who is aggrieved by the action of the board in respect to the property of others. This, as the opinion below points out, ‘ is evident not only from the language of the statute itself but from its history and the condition it was designed to meet, that is, to furnish a practical remedy to a complaining taxpayer. (People ex rel. D. & H. Canal Co. v. Parker, 117 N. Y. 86; People ex rel. Manhattan R. Co. v. Barker, 152 id. 417.) ’
“ It is obvious that section 37 of the Tax Laws (as amd. by Laws of 1916, chap. 323) contemplates a complaint only by the ‘ person assessed or whose property is assessed. ’ ”
All of the foregoing compels me to hold that the relief which the petitioners seek is not available under article 7 of the Real *846 Property Tax Law. The petition fails to state a cause of action; and further, the petitioners are not proper parties and have no legal capacity to sue in this proceeding. Accordingly, the petition herein is dismissed and the motion for summary judgment on the merits in favor of the respondent is granted.