By the Court—Barbour, J.
The objection of the defendants’ counsel to the appearance of Mann & Rodman as attorneys for the plaintiffs in the action, was not well founded. The General Term of this Court has decided, in a similar case, that, although it is made the duty of the counsel to the Corporation, by statute, to bring and *434 defend their suits, and to perform all their law business, there is nothing in the statute intended or calculated to prohibit the employment of other attorneys or counsel by the city authorities, as was done, with the consent of the Oorporation Counsel himself, in this case.
Neither the exception of the defendants to the denial of their motion to dismiss the complaint when the plaintiffs rested, nor their exception to that part of the charge of the Judge, in which he instructed the Jury that the plaintiffs, as the owners of the land upon which the building stood, had an insurable interest to the extent of the value of the building, was well taken. The plaintiffs were the owners in fee of the land upon which the building stood. They were, therefore, the owners of the building, which was a permanent structure, and attached to the freehold and formed a part of it, unless there was something in the lease to the association taking the case out of the general rule, that buildings of that description belong to the realty, which, clearly, there is not. No right to remove the building is reserved or granted to the lessees in the lease; but, on the contrary, the "premises, which were of great value, were demised to the lessees at a merely nominal rent, in consideration of which, they, on their part, undertook and covenanted that they would erect thereon a building of a certain description, and that, at the expiration of the term, they would quit and surrender the demised premises, in as good state and condition as reasonable use and wear thereof would permit, damage by the elements excepted. This language imports an intent to surrender the structure which was, by the terms of the léase, to be erected, as well as the land upon which it was to stand. It seems hardly possible to suppose that the parties designed to provide against an injury by use and wear to a block of ground, then wholly vacant, and which,, under the lease, was only to be used by placing a building upon it; nor that they intended to except mere land, occupied as this was to be, from damage by the elements.
*435 There is nothing in the case, as presented to the General Term, showing, or tending to show, that the Justice before whom the cause was tried refused or omitted to charge the Jury, in substance, everything that he was requested to charge them by the counsel for the defendants. The case states that the Judge refused to give the instructions to the Jury, as requested, “ except so fa/r as they tvere embraced in the charge which was, in fact, given;” and that he charged the Jury, “ among other things,” certain matters as set forth in the case; but there is no statement showing what those other things, charged by him, were. For aught that •«appears, therefore, none of the requests were omitted by the Judge; and it follows that the exception, in this regard, cannot be sustained.
The evidence of former insurances upon the property, by the defendants, tended to show, in connection with other facts proved, that the defendants were fully aware, at the time the policy was issued to the plaintiffs, of the general purposes for which the Crystal Palace had been, and then was used; and that they designed to assume a risk of the same character as those covered by the prior policies, in almost the same words. It was, therefore, properly admitted.
There was but one important fact, to be determined by the Jury, upon which there was any doubt; that is, whether the risk was so increased, after the issuing of the policy, as to render the same inoperative. Upon that subject the Judge charged, substantially, that the plaintiffs had a right, after the policy, to occupy and use the building for the same purposes for which it had theretofore been used within the knowledge of the defendants when the risk was taken•, but that if it was used otherwise than as a mere place of exhibition, or was so occupied or used as to render the hazard greater at the time of the Are than when the insurance was effected, the plaintiffs were not entitled to recover. The charge, in this regard, was undoubtedly correct.
*436 Upon a careful examination of the entire case and exceptions, we are of opinion that no error, was committed upon the trial which authorizes us to disturb the verdict. The judgment must, therefore, be affirmed.
Ordered accordingly.