(29 Misc. Rep. 719.)

FREEMAN v. BROOKS et al.

(Supreme Court, Special Term, Onondaga County. December, 1899.)

MUNICIPAL CORPORATIONS—WATER BOARD—POWER TO EMPLOY ATTORNEY.
 The water board of the city of Syracuse has power to employ special counsel, and need not rely upon the city attorney.

Action by George Freeman against James B. Brooks and others to restrain the water board of the city of Syracuse from paying an alleged balance due for legal services. Motion by defendants to dissolve a temporary injunction. Motion denied.

Charles L. Stone and J. B. Brooks, for the motion.
L. S. Chapman and M. L. McCarthy, opposed.

HISCOCK, J. The plaintiff seeks to restrain the payment by the water board of the sum above mentioned upon the two grounds: First, that said water board had no right to employ special counsel, but should have relied upon the city attorney; second, the said water board has already paid Mr. Stone and his firm all that their services were worth, and should not be allowed to pay the additional sum in question.

Upon the first ground I decide against the plaintiff. Incidentally, this question seems already to have been decided against him. Independent of that, however, I think the plan and intention of the legislation creating the water board was to give it general control of the acquisition and construction of a water system, and that the right to hire an attorney to conduct its important legal proceedings is to be fairly inferred and found. Upon the other hand, I think it would have been unreasonable and impracticable to rely upon a city attorney, charged with all of his other duties, to conduct all of the intricate and laborious proceedings and litigation which have arisen in connection with the water question in Syracuse.

I pass to a consideration of the second ground urged by plaintiff,—that enough has been paid already. It appears without dispute that between November, 1890, and the forepart of 1898, the water board paid for attorneys' fees, commissioners', witness', and stenographers' fees, and miscellaneous legal disbursements the sum of $269,-060.41, some of said payments being for services rendered prior to 1890. This does not include the sum of $15,000 paid to Messrs. Stone, Gannon & Petit upon their present bill in February, 1899. Of this total, and including the last item, which covers only items down to October 1, 1898, $120,786.39 was paid to attorneys; and of this last amount again $88,644.78 was paid to Mr. Stone or his firm. If the balance now claimed of $13,761.95 should be paid, it would make a total of $102,406.73 for services. This is a large amount to be paid for legal services. Upon the other hand, there is no question but that a large amount of valuable legal work has been done. I am not able, however, from the papers presented to me, to determine with any sort of accuracy or satisfaction to myself the value of those services, or that this remaining balance of $13,761.95 claimed down to October 1, 1898, ought to be paid. Under those circumstances I do not feel disposed, at the very commencement of this action, to, in effect, decide it, and, by dissolving the injunction granted in it, to furnish an authority for the payment of the sum in question. I think it is better for all the interests concerned, private as well as public, that there should be a fair and careful examination of the matter, and a legal determination upon the merits, after hearing all sides, whether this further balance should be paid or not. This can be accomplished by a hearing commencing at once, and without waiting the lapse of time which would probably elapse before the action could be reached in the ordinary way. The motion to vacate the injunction restraining the payment of $13,781.95 is denied, and the injunction continued, but upon the following conditions, viz.: Messrs. Stone, Gannon & Petit shall have the right to become parties to this action. If either the defendant water board or said attorneys desire it, a reference shall be had herein to proceed upon eight days' notice.

Ordered accordingly.