In the Matter of the Application of ROBERT Y. CLARK and Others, Copartners, Doing Business under the Firm Name and Style of CLARK & DAVIS, Petitioners, for a Certiorari Order against REED W. SMITH, Comptroller of the Town of Harrison, New York, Respondent.

Second Department, March 12, 1937.

William D. Cunningham [Frank M. Gagliardi and John J. Dillon with him on the brief], for the petitioners.

Conrad H. Sullivan, for the respondent.

Davis, J. In 1935 there were pending certiorari proceedings, instituted by the Harrison-Rye Realty Corporation, to review the assessments of 1933 on seventy-four parcels of real property assessed for $3,754,000. It was sought to reduce these assessments to $2,473,940. If the owner were successful, the town would have suffered a loss of about $36,000 in taxes for that year. There were ·similar proceedings pending for the years 1934 and 1935. Naturally, a decision in favor of the owner in respect to the 1933 assessments would have had a determinative effect on the assessment of this property in the future, and in a measure on assessments of other property, concerning which it appears that other proceedings were pending.

The town board recognized the importance of this proceeding. Although the town had a town attorney and an assistant town attorney as appointive officers, the board determined by resolution to employ other counsel of special skill. · They proceeded in a businesslike manner by the appointment of a committee to interview the attorneys, who are the petitioners here. The result was a definite contract with the attorneys to act as counsel on specified terms in writing, ratified by action of the town board.

The petitioners rendered services in preparation for the hearing and on the hearing held before a referee. A bill for part of the services, covering preparation of the case, was rendered and paid. Before the proceedings were fully concluded, the petitioners were discharged. The right of the town board to take such action is not disputed. The petitioners submitted verified bills or claims for the services rendered and not paid for prior to such discharge. The town comptroller held a hearing in respect to the claims, and the claimants made formal proof, not only as to the services rendered under the contract, but also on the basis of *quantum meruit*. After the hearing closed, and about ten months after the claims were filed, the comptroller formally rejected the claims, except for a small item.

There is no dispute concerning the contract, the rendition of services, or their value. Nevertheless, we think the rejection was made in good faith and not arbitrarily, because of the doubt in the minds of the comptroller and the new town attorney concerning the interpretation of certain sections of the Town Law. They acted on the advice of the Director of the Bureau of Municipal Accounts

in the office of the State Comptroller. He did not assume to give a positive opinion, but suggested a determination by the courts.

When the attorneys were employed there was an existing appropriation for the year 1935 for the law department. When the claims were presented the comptroller says that the appropriation was exhausted, and it was for that reason that the claims were formally rejected; and, in fact, it had become exhausted before a large part of the services was rendered. According to the view of the comptroller, the claim was void and could not be allowed or paid under the provisions of certain sections of the Town Law of 1932, as subsequently in part amended. The petitioners dispute the fact that there was an exhaustion of the appropriation; but in our view the question is of no present importance.

The sections relied on are chiefly sections 111, 112 and 114, relating to the appropriation by the board of expenditures for the next fiscal year and the adoption of appropriations and a budget, and sections 118, 119 and 120, which relate to the audit and payment of claims and the limitations thereon.

Principally section 118 is the one involved in this controversy. The section begins with the words, " Except as authorized by law." In brief, it inhibits town officers and boards, in any fiscal year, from making expenditures or entering into any contract which involves the expenditure of money unless provision therefor is made in the annual estimate. It makes any contract, verbal or written, void which is in violation of the section, and directs that no money belonging to the town shall be paid thereon. There are certain specified exceptions in the section, such as expenditures or the incurring of debts necessary to suppress contagious or infectious diseases or epidemics in the town or to prevent the spread thereof, in addition to the amount appropriated for such purpose.

The simple question presented is: Must the attorneys lose payment for their services under the contract therefor, and the contract be declared void for the reason that the appropriation in that year for the law department may have become exhausted by payments to others who had no better claim thereon than the attorneys?

In general, this presents no novel question, except the possible legislative intent in enacting section 118. The section is not entirely new, but is similar in effect to section 149-a of the former Town Law, as added by Laws of 1916, chapter 396, section 1, and to former section 597, as added by the Laws of 1919, chapter 170, section 1. The purpose of the section is obviously to prevent extravagance and waste of the town funds, if nothing worse. There can be no expenditure for salaries of newly-created officers or for contracts

for public buildings, street improvements, and the like, unless there are appropriations therefor. The necessity for such expenditures can readily be foreseen and appropriations made. In other respects, like the occurrence of epidemics, the amount necessary cannot reasonably be anticipated. Therefore, a sound discretion is vested in the town board by statute in regard to certain expenditures.

Among the things that cannot accurately be anticipated in a budget is the number of actions that may be brought by or against the town which must be prosecuted or defended by skilled attorneys. It has long been the settled law of this State, and in other jurisdictions, that a municipal corporation has implied power to employ counsel to render services in matters of proper corporate interest, including the prosecution and the defense of suits against municipal officers for acts done on behalf of the corporation while in the honest discharge of their duties, whether or not there is any statute giving such direct authority. (*Mayor, etc., of New York* v. *Exchange Fire Ins. Co.*, 9 Bosw. 424; *Mayor, etc., of New York* v. *Hamilton Fire Ins. Co.*, 10 id. 537; *Judson* v. *City of Niagara Falls*, 140 App. Div. 62; affd., 204 N. Y. 630; *Matter of Hiscox* v. *Holmes*, 239 App. Div. 602; *Matter of Fleischmann* v. *Graves*, 235 N. Y. 84; *Freeman* v. *Brooks*, 29 Misc. 719; *Mosher* v. *City of Elmira*, 83 id. 328; 2 Dillon Municipal Corporations [5th ed.], § 824; 2 Abbott Municipal Corporations, § 708; *Meeske* v. *Baumann*, 122 Neb. 786; 241 N. W. 550; 83 A. L. R. 131, annotation, p. 135 *et seq.*)

This is the general rule unless some statute positively prohibits such employment. (*Lyddy* v. *Long Island City*, 104 N. Y. 218; Dillon Municipal Corporations, *supra*, § 824.)

We must examine section 118 in the light of the pre-existing state of the law. Was it the intent of the Legislature to limit the power of towns to prosecute and defend actions by restricting the town board in its right to employ counsel? We must ascribe to the Legislature the knowledge that important public rights might be lost as a result of undefended or poorly-defended litigation; that the town attorney might be so occupied with his ordinary duties and routine work that he could not devote sufficient time to the preparation and defense of some highly important litigations like, as in the present case, certiorari proceedings to review assessments; or that he might be lacking in special skill and experience to cope with counsel representing aggrieved property owners. Therefore, it would be necessary to call to his assistance counsel having the time, skill and experience properly to represent the interests of the town.

We recur to the provisions of section 118. As already stated, the provisions in respect to void contracts were limited by the opening clause, " Except as authorized by law." There are provisions in other sections which we think obviously authorize the employment of counsel where important rights of the town are at stake. Article 3 of the Town Law deals with town officers, their powers, duties and compensation. Section 20, subdivision 2, paragraph (a), provides: " The town board of every town of the first class  *   *   * may establish the office of town attorney or town engineer, or both. If the town board shall so establish the office of town attorney or town engineer, or both, it shall fix the salary of such officer or officers. *In addition, the town board of any such town may employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation,  *   *   *   as it may necessarily require.*"

The town of Harrison is a town of the first class. (Town Law, § 10.)

The section just quoted recognizes the possible existence of conditions where there will either be no appropriation or the appropriation made will be insufficient, as in the case of an epidemic. Clearly here is authority by statute for the employment of counsel by the town board. It is in accord with the pre-existing law on the subject, and indicates no legislative intent to make a change. Paragraph (b) of the same subdivision is illustrative of the fact that the Legislature recognized the necessity of the employment of an attorney at times by the town. Section 65 likewise is illustrative of legislative intent. That section authorizes the town board or a designated officer to institute or defend any action or legal proceeding in the name of the town for the benefit or protection of the town in any of its rights or property, and makes the reasonable and necessary expense of such action a town charge. " No such officer or officers, however, shall employ legal counsel except as directed by the town board." Nothing is said about any preliminary appropriation as controlling such authority, for, of course, the number and the importance of such actions could not reasonably be anticipated in making up the budget for a year in advance. It was not intended to leave the town at the mercy of litigants or in a position to lose valuable rights through inability to prosecute or defend, for want of an anticipatory appropriation sufficient to cover all possible litigations.

We think it follows logically that the town board was not restricted in contracting for legal services under the circumstances existing here, and that the contract made and performed by the petitioners was entirely valid. Therefore, as there is no dispute in

the facts, the certiorari proceedings should be sustained, the determination of the town comptroller annulled, and the matter remitted to him to audit and allow the claim. " Courts should not be astute to enable a municipal corporation to disavow its just commitments or obligations, or to conduct itself respecting them in a manner violative of fair dealing, which they would not sanction were natural persons the parties involved." (*Lowe* v. *City of New York*, 240 App. Div. 484, 489; affd., 265 N. Y. 583; see, also, *People ex rel. Kiehm* v. *Board of Education*, 198 App. Div. 476; S. C., 203 id. 245.)

In this proceeding we are not concerned with the question of ultimate payment. The office of certiorari is to review determinations alleged to be illegal and to point out to the tribunal which has acted the just and legal course to pursue. The court does not attempt to compel performance of the duty it defines, but leaves the aggrieved parties to pursue such further remedy as the law gives them. (*People ex rel. Hoesterey* v. *Taylor*, 210 App. Div. 196, 201; revd., on other grounds, 239 N. Y. 626; *People ex rel. S. & U. H. R. R. Co.* v. *Betts*, 55 id. 600; *People ex rel. Oneida Valley Nat. Bank* v. *Supervisors of Madison County*, 51 id. 442.)

The determination of the town comptroller should be annulled, with fifty dollars costs and disbursements, certiorari proceeding sustained, and the matter remitted to the comptroller to proceed in accordance with the opinion.

LAZANSKY, P. J., HAGARTY and JOHNSTON, JJ., concur; CLOSE, J., not voting.

Determination of the town comptroller of the town of Harrison annulled, with fifty dollars costs and disbursements, certiorari proceeding sustained, and the matter remitted to the comptroller to proceed in accordance with opinion by DAVIS, J.