MARGARET C. COGGESHALL, Respondent, *v.* EDWARD F. HENNESSEY, as Supervisor of the Town of Mount Pleasant, and VICTOR MATERNE, as Receiver of Taxes of the Town of Mount Pleasant, Appellants.

Second Department, June 17, 1938.

William F. Bleakley [John J. Ryan, James D. Hopkins and Max Edelman with him on the brief], for the appellants.

Joseph Day Lee and Winfield L. Morse, for the respondent.

CARSWELL, J. This is a taxpayer's action to have the levying of a tax covering certain items in the budget of the town of Mount Pleasant declared to be illegal, to restrain the collection of specified taxes, to restrain the enforcement of taxes relating to the budget items against property in the Hardscrabble Water District, and to restrain the paying out of funds of the town to liquidate specified items in the budget.

It will suffice to state our conclusions somewhat summarily.

(1) The item respecting village justices was conceded on the trial to be illegal, and the decretal provision respecting it should remain.

(2) The item " Miscellaneous $1,000," and the item " Current Charges: Reserve for contingencies $2,500," are legal and represent an adequate detailing of items, in view of the character of the disbursements forecast by them. Such items are indispensable in the practical carrying on of the affairs of a town. It may not be presumed that these moneys will be diverted to other than truly miscellaneous or contingent expenses. In view of the size of the town and the extent of its budget, it may not be said that the amounts of these items have been fixed in bad faith to effect an illegal purpose.

(3) The item of $10,400 for the highway certificate of indebtedness is not illegal. Section 5 of chapter 34 of the Laws of 1936, which provides for the issuance of temporary certificates of indebtedness, contains no provision requiring that they be liquidated in any particular manner. Section 4, which is concerned primarily with bonds, does contain a provision authorizing and directing the town to issue bonds to pay for the cost of highway improvements authorized in accordance with that statute. It also contains a provision that the proceeds of such bonds may be used to take up certificates of indebtedness issued as prescribed in section 5. That language may not be fairly construed to be mandatory. So to construe it would produce the absurd result of requiring the financing to be done in a manner more burdensome to the taxpayers than it would be if the item were placed directly in the budget rather than by a financing through the issuance of bonds for one year or more and unnecessarily paying the interest thereon for a year or more in connection with the liquidating of the temporary certificates of indebtedness. Even assuming that the item is illegal, the method of liquidating the certificates of indebtedness involves no waste, but, on the contrary, involves a saving to the taxpayers; hence this item is not the proper subject of claimed legal grievance in a taxpayer's action.

(4) a. The item to pay for the opinion of an attorney respecting bonds relating to the Hardscrabble Water District is conceded by plaintiff to be legal.

b. The items for legal services, appraising property and typing minutes grew out of litigation forced upon the town as a consequence of the dissolving of the water district. The statute authorizing dissolution provided that existing indebtedness should be a charge upon the property in the dissolved district. The judgments growing out of that litigation were an existing indebtedness. The legal expenses and disbursements necessitated by that litigation were incidental to that same existing indebtedness represented by the judgments therein. These items are, therefore, a charge upon the water district. They are fairly to be classified as unforeseeable when the need therefor had its inception. (*Matter of Clark* v. *Smith*, 250 App. Div. 233.) It was not improper, as a matter of law, to defer the fixation of the amount of these items, because they accrued in part and continued to accrue during a period extending over several years. It may not be said to have been unsound business judgment or illegal to defer approximating their value until the conclusion of the rendering of the services and the making of disbursements. However, this view should not be construed to be an approval of the disbursing of the item for legal services, in whole or part, to the town attorney. Such services as were rendered in this litigation by the town attorney during the period of his incumbency may not be made the subject of payment beyond the salary received by him. (Town Law, former § 135-a, and former § 143-a, now §§ 20 and 27.) Those sections specifically provide for the office of town attorney and that his salary shall be in lieu of all fees or compensation whatsoever. In so far as the item for legal services concerns payment of counsel who were legally hired and have a legal claim for payment, the item may be proper up to the fair amount of such claim or claims. Section 20, subdivision 2, authorizes the employment of counsel to the town attorney in a proper situation, and, in the absence of a statute forbidding the hiring of such counsel in a proper situation, providing for the payment therefor, would not be illegal. (*Matter of Clark* v. *Smith, supra.*) It may not be assumed that illegal claims will be audited and liquidated with the proceeds of the item in the budget for legal services.

(5) The items in the budget relating to the Hardscrabble Water District are properly made a charge upon the property within that district. (Town Law, former § 305-a.)

(6) The foregoing contested items, not being illegal, are not at this time the proper subject of a claimed grievance in a taxpayer's action.

(7) There is no authority, statutory or otherwise, for a refund of these taxes. The amount involved does not warrant such expensive and cumbersome procedure. The taxes relating to the relatively small illegal item may be included in the estimated revenues for the succeeding year (Town Law, § 115) or similarly utilized.

Accordingly, the judgment for the plaintiff should be modified by striking out all the items specified as being included in the annual budget, except the item of " Village Justices $900," and by striking out the relief relating to the excised items and the provision directing a refund of taxes collected, and, as thus modified, affirmed, without costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ.

Judgment modified by striking out all the items specified as being included in the annual budget, except the item of " Village Justices $900," and by striking out the relief relating to the excised items and the provision directing a refund of taxes collected, and as so modified unanimously affirmed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.