In the Matter of HERMAN BLOCK, Appellant, against J. RUSSEL SPRAGUE, as County Executive of Nassau County, et al., Respondents.

Argued February 24, 1941; decided March 6, 1941.

*Herman Block* and *Edwin V. Hellawell* for appellant.

*James L. Dowsey, County Attorney (John J. Knob* of counsel), for respondents.

FINCH, J.   This appeal presents the question whether under the County Government Law of Nassau County

(L. 1936, ch. 879 and amendments thereunder) the County Executive of Nassau County should file with the Board of Supervisors an itemized or " line by line " proposed budget for the year 1941.

The parties differ in their interpretation of this law and the question must be determined by an examination of its several provisions.

Article III, sections 301–310 are comprised within the heading " Budget." Not later than the first day of October in each year all department heads must furnish to the County Executive estimates for the following fiscal year of the receipts and disbursements of their respective departments. (§ 301.) Not later than the second Monday in November the County Executive must submit to the Board of Supervisors of the county a proposed budget of receipts and expenditures for the ensuing year. (§ 302.) With the proposed budget, the County Executive is required to submit a budget message explaining the main features of the budget. The Executive shall also submit a draft of an ordinance intended to authorize the proposed appropriation expenditures. (§ 303.) Thereafter, the Board of Supervisors shall, within ten days after the filing of the budget, give notice of a public hearing in the manner provided by the statute. At such hearing any person may be heard for or against the estimates as presented by the County Executive or any item thereof. (§ 305.) At the conclusion of such hearing, the Board of Supervisors " may strike out or reduce any item of appropriation in the county budget * * *." Before inserting " any additional item or increasing any item of appropriation," the Board of Supervisors must give notice in the manner provided by the statute, of the nature of the proposed changes, together with notice of a public hearing thereon. After such hearing, the Board of Supervisors may insert the additional item or items and make the increase or increases indicated by the public notice or to a lesser amount. The County Executive may veto any such addition or increase which shall not be passed over his veto by less than a two-thirds vote. (§ 306.)

The appellant, a taxpayer of Nassau county, has challenged the sufficiency of the budget upon the ground that the budget proposed by the County Executive contains in general for each branch of the service only four lump sum items, namely, (1) for personal service, (2) for materials and supplies, (3) for expenses (contractual expenses), and (4) for capital outlays. The Special Term held that this was a compliance with the provisions of the Nassau County Government Law. This has been unanimously affirmed by the Appellate Division and we have granted leave to appeal.

A consideration of all the provisions relating to the budget leads us to the conclusion that this proposed budget must contain line by line items and may not consist of lump sums where it is practical to state the items. After the prescribed public hearing upon the budget, the Board of Supervisors, sitting as a legislative body with respect to the budget, may " strike out or reduce any item of appropriation in the county budget. * * * Before, however, inserting any additional item or increasing any item of appropriation * * *," the Board of Supervisors must give notice of the proposed changes and another hearing before inserting " the additional item or items * * *." It is difficult, if not impossible, to see how such procedure may take place unless the budget contains a line by line itemization. Likewise, in providing that with the proposed budget the County Executive must submit a budget message and a draft of an appropriation ordinance, it is provided that the latter need not be itemized further than by departments and by kinds of expenditures which by clear inference requires that the budget itself must be itemized. In addition, after the budget is filed with the Board of Supervisors, that body is limited in its action to striking out or adding " items " and to increasing or decreasing " items." How, then, it may be asked, can there be a prescribed dealing with items if there are no items required?

Section 4, article 7, of the State Constitution prescribes what may be done by the Legislature with respect to appropriation bills: " The legislature may not alter an

appropriation bill submitted by the governor except to strike out or reduce items therein, but it may add thereto items of appropriation  *  *  *."

In *People* v. *Tremaine* (281 N. Y. 1, at p. 10) we said: " When it [the statute] refers to striking out an item, we cannot conceive it as meaning striking out the entire appropriation for a department — all the items, and putting in a lump sum.  The section must have reference to the items which go to make up the sum total of the appropriation for the department.  *  *  *  The appropriation for a department must be in such form that the Legislature may be able to strike out or reduce any of its items."  And, further: " When, therefore, we are told that the Legislature may not alter an appropriation bill submitted by the Governor, except to strike out or reduce items therein, we expect the appropriation bill to contain items " (p. 5).

It is contended that since the provision concerning the budget message requires the County Executive to submit at the same time with the budget message a draft of an appropriation ordinance referring to the proposed budget, and since the appropriation ordinance need not be itemized further than by departments and by kinds of expenditures in lump sums, it is said to follow that the budget itself need state only the same lump sum expenditures as are enumerated in the appropriation ordinance.  The Nassau County Government Law, however, draws a distinction between the budget and the appropriation ordinance.  It is only the appropriation ordinance which need not be itemized other than as indicated.  That this distinction between the appropriation ordinance and the budget was intentional is seen from the further provision of section 307, which provides: " When the county budget and the district budgets shall have been finally adopted, an appropriation ordinance for each such budget, with such amendments as may be necessary to make them conform to the respective budgets as adopted, shall be passed by the board of supervisors  *  *  *."

Respondent also contends that to require a line by line or itemized budget would nullify other provisions of the

Nassau County Government Law, such as those which empower the Board of Supervisors to fix and revise salaries of employees, or to make transfers of appropriations and supplemental appropriations, and those provisions which permit the County Executive to approve and revise allotments during the fiscal year or to consider work programs of departments and revise same during the year and to authorize changes in the civil service roster during the year where increases or decreases have been made in salaries. An examination of these sections reveals that there is nothing therein inconsistent with the requirement of a line by line itemized budget.

The orders should be reversed and the relief prayed for in the petition granted, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.