LUCIUS WILMERDING, Plaintiff, v. FIORELLO H. LA GUARDIA et al., Constituting the Board of Estimate of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, August 9, 1944.

H. H. *Nordlinger* and *Jacob M. Dinnes* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Martin V. Callagy* and *Pauline K. Berger* of counsel), for defendants.

SCHREIBER, J. The budget of the City of New York for the fiscal year 1944–1945, under the general heading " Miscellaneous ", provides for an item (code 98–900) designated " Unallocated Appropriations." One of the supporting line schedules (952) for that code sets forth an appropriation of $3,500,000 for " motor vehicle equipment, repair parts, special machinery, unforeseen expenditures and sundry expenses." It is further stated that no expenditure may be made on any of the line schedules of this code without the approval of the Board of Estimate.

The line schedule in question was at first deleted by the City Council but upon veto by the Mayor was not further disturbed by that body. It is now attacked as illegal and contrary to the City Charter in this taxpayer's action for an injunction and other relief (General Municipal Law, § 51). On the instant motions, respectively, for a temporary injunction by plaintiff, and by defendants to dismiss the complaint, the issues are of law purely, the facts not being in dispute.

It appears that the bulk of the disputed line schedule appropriation has now been allocated to the firemen's cost of living bonus, conceded to be and quite evidently a proper use of municipal funds in any event. The small remainder is adequately safeguarded against waste by the approval of the Board of Estimate required by the Administrative Code of the City of New York (L. 1937, ch. 929). The purpose of the appropriation, to meet unforeseeable wartime exigencies, is in accord with sound business principles. Good faith in inclusion of this item in the budget cannot seriously be challenged in these papers.

Thus, under familiar principles of equity, it is clear that no pressing necessity here requires or justifies the temporary injunction sought by plaintiff.

That result is also to be reached on broader grounds for the complaint is evidently insufficient as a matter of law. Passing criticism based on technical inadequacies in the pleading, it is clear that the alleged violations of the New York City Charter (1938) relied on by plaintiff in support of the cause at bar are untenable.

The New York City Charter (1938) requires that the budget be set out in code items supported by line schedules (§§ 119, 123) except where the latter is found impossible by the Board of Estimate (§ 123). That requirement is not here violated, for the appropriation in question is clearly not a code item but merely a line schedule or supporting item to the code item. As such, it is sufficiently specific and definite under all the circumstances. The item is but a petty fraction of the entire budget ($729,640,921) and the fund, in its very nature, cannot be other than most generally characterized. Under the authorities the items must be held reasonably definite and specific. A practical view must be taken and the City is not to be unduly hampered. (*Matter of Block* v. *Sprague*, 285 N. Y. 69; *People* v. *Tremaine*, 281 N. Y. 1; *Coggeshall* v. *Hennessey*, 279 N. Y. 438.)

Nor, in the opinion of the court, does the item violate the Charter provisions (§§ 120, 342) requiring that appropriations for equipment and materials be made through the Department of Purchase and segregated to a particular use. The very purpose of the appropriation to this extent is to enable the City to meet favorable opportunities to purchase such equipment of all and every kind when and if available. It is thus evident that segregation to particular uses is presently impossible while the nature and kind of the equipment that might become available is unknown and unknowable. This situation is obviously without the purview of the Charter requirement.

The argument that the Board of Estimate, in transferring the bulk of this appropriation to the firemen's cost of living bonus on the day prior to the commencement of the fiscal year, violated the Charter requirement (§ 127) that such transfers can be made only during the fiscal year is wholly without merit (New York City Charter [1938], §§ 126, 127) and need not be elaborately discussed.

It follows that the plaintiff's motion for a temporary injunction must be denied and the defendants' motion to dismiss the complaint must be granted. Settle order.