Lucius Wilmerding, Appellant, *v.* Fiorello H. La Guardia et al., Constituting the Board of Estimate of the City of New York, et al., Respondents.

First Department, December 22, 1944.

*H. H. Nordlinger* of counsel (*Jacob M. Dinnes* with him on the brief; *Nordlinger, Riegelman, Cooper & Benetar,* attorneys), for appellant.

*Martin V. Callagy* of counsel (*Cyrus C. Perry* and *Pauline K. Berger* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

CALLAHAN, J. This is a taxpayer's action wherein a judgment is sought declaring invalid certain appropriations contained in the budget of the city of New York for the year 1944-45. An injunction is also sought to restrain defendants from expending any part of said appropriation.

The complaint is based on the alleged illegality and resulting municipal waste in connection with an item in the budget referred to as code item "98-900 — Unallocated Appropriations." Under this code is found a line schedule reading: .

"952 Motor Vehicle Equipment, Repair Parts, Special Machinery, Unforeseen Expenditures and Sundry Expenses................. $3,500,000

" Note — No expenditure from this Code shall be made without the approval of the Board of Estimate."

Section 119 of the New York City Charter provides that appropriations recommended in the Executive Budget shall be " by code items with supporting line schedules ".

Section 123 of the Charter provides that the Expense Budget " shall be in such form as to provide appropriations for code items only, but such code items shall, except where the board of estimate makes a finding that it is impossible, be accompanied by supporting line schedules and shall set forth the terms and conditions under which such appropriations shall be administered."

Perusal of the sections of the Charter relating to the preparation of the City Budget (§§ 111–132, inclusive) read in the light of the statutory purposes to be served, discloses the intention of its drafters to have the Charter provide a comprehensive scheme for subitemization of budgetary code items through supporting schedules so as to (1) permit a comparison of items with similar appropriations for preceding years, (2) facilitate public hearings and discussion concerning the necessity for the proposed items of expenditure, and (3) enable the City Council to examine the budget as proposed and determine which items are proper and necessary. Intelligent fulfillment of these statutory objectives would require that itemization be sufficiently explicit to disclose with reasonable clarity the purposes for which the money is proposed to be expended. (See also Administrative Code of City of New York, ch. 6, tit. A, L. 1937, ch. 929.)

The item attacked in the present action appropriates the lump sum of $3,500,000 for two or more distinct purposes. The first purpose (or group of purposes) is somewhat specific in nature, being for expenditures for the purchase of motor vehicle equipment, repair parts and special machinery. This contains three items without any separation of the amounts sought for each. Such a lumping of appropriations would not seem to comply with the requirements of the Charter for items supported by line schedules. Even if separately stated, it would seem that these items, being for the purchase of supplies, were required under section 120 of the Charter to be made to the Department of Purchase, and segregated in the name of the institution or agency for which the moneys were intended.

The second purpose for which the $3,500,000 is sought is one without any specification or limitation, i. e., for " Unforeseen Expenditures and Sundry Expenses ".

The courts of this State have been quite liberal in interpreting statutes relating to budgetary requirements, so as to permit appropriations of small amounts for necessary expenditures in cases of emergency, where particularization is not practical because the contingency may not be foretold. This rule was undoubtedly adopted to avoid the imposition of undue rigidity in budget making. In imposing this rule, the courts usually have compared the amount proposed for emergency items with the whole budget, in order to determine whether it could be said that the generalization was in good faith, not for an illegal purpose, and that a further detailed breakdown was impracticable. (See *Coggeshall* v. *Hennessey*, 254 App. Div. 374, affd. 279 N. Y. 438; *People* v. *Tremaine*, 281 N. Y. 1; *Matter of Block* v. *Sprague*, 285 N. Y. 69.)

It follows that the question of illegality as to the unspecified purposes of " Unforeseen Expenditures and Sundry Expenses ", assuming it to be for emergencies, could not be determined until the amount asked to meet such emergencies is separately stated. Where the item is lumped together with others, as it is in the present instance, we can do nothing but assume that the whole sum of $3,500,000 is to be available for " Unforeseen Expenditures and Sundry Expenses ", without any statement concerning the nature of the emergency, or other attempted limitation as to the purpose for which the money might be expended. We cannot say as a matter of law — at least not on the present pleading — that there is no basis for plaintiff's claim of illegality with respect to such an item. It would appropriate $3,500,000 with no reasonable opportunity for comparison with prior budgets, for criticism at public hearings, or for consideration by the City Council.

It appears from the record that the City Council struck the lump sum appropriation of $3,500,000 from the budget. Thereafter the Mayor vetoed the Council's action and restored the item. In connection with his veto, the Mayor submitted a message purporting to explain the item and the purpose for which it was sought.

It furthermore appears from the record that, by a resolution adopted by the Board of Estimate after the budget was passed, there was a transfer of $3,000,000 out of the $3,500,000 to pay so-called " cost-of-living bonuses " for certain City firemen. Though appropriation for increased compensation, or " cost-of-living bonuses " would no doubt be a proper municipal expenditure, concealment of such a proposed expenditure by calling it " Unforeseen Expenditures and Sundry Expenses " would be

the sort of practice that itemized budget making seeks to prevent.

Assuming entire good faith in asking for the $3,500,000 item, and that the requirement of funds for " cost-of-living bonuses " were not known when the proposed budget was prepared, we may not, nevertheless, at this time consider the statements contained in the Mayor's message, nor the matters disclosed by the subsequent resolution in determining the sufficiency of the complaint. Such matters may have some relevancy on the question of whether a preliminary injunction should issue, but they could have no bearing on the question of the sufficiency of the pleading, which is to be judged on the basis of its contents alone.

Respondents contend that the dismissal of the complaint is warranted, because the plaintiff failed to allege facts showing waste, and that allegations of mere illegality, without specifying waste, are not enough.

We think that the illegality of a proposed appropriation would be an official act " such as to imperil the public interests or calculated to work public injury " (*Altschul* v. *Ludwig*, 216 N. Y. 459, 467), and would threaten waste through the dissipation of public funds in a manner not authorized by law.

We deem it was improper for Special Term to dismiss plaintiff's complaint as insufficient on its face. On the other hand, considering all the relevant facts shown on the record, we deem that we would not be warranted in interfering with the discretion exercised by Special Term in denying the application for a temporary injunction.

The judgment, and the order insofar as it grants defendants' cross motion to dismiss the complaint, should be reversed, with costs, and the said motion denied, with leave to the defendants to answer within ten days after service of order on payment of said costs. The order appealed from, insofar as it denies plaintiff's motion for a preliminary injunction, should be affirmed.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment, and the order insofar as it grants defendants' cross motion to dismiss the complaint unanimously reversed, with costs, and the said motion denied, with leave to the defendants to answer within ten days after service of order on payment of said costs. Order appealed from, insofar as it denies plaintiff's motion for a preliminary injunction, unanimously affirmed. [See *post*, p. 1027.]