Lucius Wilmerding, Plaintiff, *v.* Fiorello H. La Guardia et al., Constituting the Board of Estimate of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, March 22, 1945.

*H. H. Nordlinger* and *J. M. Dinnes* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Seymour B. Quel, Cyrus C. Perry* and *Herbert Fine* of counsel), for defendants.

SHIENTAG, J. The law of this case has, for the most part, been laid down by the unanimous decision of the Appellate Division sustaining the legal sufficiency of the complaint. (*Wilmerding* v. *La Guardia,* 268 App. Div. 496.) My province is to interpret the opinion of the higher court and to apply it to the facts developed at the trial. The law, as established by the Appellate Division may be summarized as follows:

(1) A threatened expenditure, of public funds, under an illegal appropriation, although for a purpose in itself lawful, is sufficient to sustain a taxpayer's action.

(2) The appropriation, insofar as it provided for the purchase of motor vehicle equipment, repair parts and special equipment, being for the purchase of supplies was " required under section 120 of the Charter to be made to the Department of Purchase ".

(All matters quoted in this memorandum are from the opinion in *Wilmerding* v. *La Guardia, supra*).

(3) The New York City Charter (1938) provides a comprehensive scheme for " subitemization of budgetary code items through supporting schedules * * *. Intelligent fulfillment of these statutory objectives would require that itemization be sufficiently explicit to disclose with reasonable clarity the purposes for which the money is proposed to be expended."

(4) Nevertheless " The courts of this State have been quite liberal in interpreting statutes relating to budgetary requirements, so as to permit appropriations of small amounts for necessary expenditures in cases of emergency, where particularization is not practical because the contingency may not be foretold."

(5) " Though appropriation for increased compensation, or ' cost-of-living bonuses ' would no doubt be a proper municipal expenditure, concealment of such a proposed expenditure by calling it ' Unforeseen Expenditures and Sundry Expenses ' would be the sort of practice that itemized budget making seeks to prevent."

(6) It would seem that a lump sum item of appropriation (the amount of which bears a reasonable relationship to the entire budgetary appropriation) for unforeseen war or postwar emergencies, is permitted under the charter.

Applying the foregoing propositions laid down by the Appellate Division to the case as it was tried before me, I hold:

(1) Provision for a cost-of-living bonus was not an unforeseen contingency, except as to amount, and there should have been a reference to it, in the budgetary item.

(2) The appropriation for expenditures for the purchase of automotive equipment, repair parts and special machinery was required under section 120 of the New York City Charter to be made to the Department of Purchase.

(3) The plaintiff is not, however, entitled to the full injunctive relief he seeks. Relief in a taxpayer's suit is proportioned to the needs and equities of the situation.

The sum of $3,000,000 out of the lump sum item of $3,500,000 was segregated, by resolution of the Board of Estimate, effective July 1, 1944, for necessary expenditures in connection with a cost-of-living bonus for firemen — a lawful, legitimate municipal purpose. An additional $70,000 will, it is estimated, be required for this purpose. It would be detrimental, rather than beneficial, to the municipality to require that the amount of the

cost-of-living bonus be financed in whole or in part by tax notes It might lead to unnecessary complications and hamper the municipality if payment for firemen's salary adjustments were ordered to be made from existing surplus appropriations, the amount of which would necessarily be problematical. No injunction, therefore, will be granted as to the moneys necessary to pay this bonus. No part of the item in controversy has been used or drawn upon for the purchase of automotive equipment, repair parts or special machinery. An injunction will issue against the use of the balance of the $3,500,000 after full provision has been made for the firemen's cost-of-living bonus. Such balance will be ordered to go into the tax deficiency account (New York City Charter [1938], § 131).

(4) Under section 127 of the charter, the power of the Board of Estimate to make transfer of appropriations during the fiscal year, may be exercised at any time after the adoption of the budget, provided that the transfer takes effect after the commencement of the fiscal year.

The plaintiff is entitled to costs.

Settle judgment in accordance with the foregoing determination.