In the Matter of THOMAS D. CONWAY, Petitioner, against HENRY A. SAHM, as Supervisor of the Town of North Hempstead, Nassau County, et al., Respondents.

Supreme Court, Special Term, Nassau County, January 11, 1952.

*Joseph Liff* for petitioner.

*James L. Dowsey, Jr., Town Attorney,* for respondents.

HOOLEY, J. This is a proceeding pursuant to article 78 of the Civil Practice Act in which petitioner seeks an order requiring the respondents, the supervisor and members of the town board of the Town of North Hempstead, to prepare and file a proper budget for the town for the fiscal year 1952, and to stay said respondents from further proceeding on the budget adopted until a budget has been filed which is prepared in accordance with the provisions of the Town Law and Highway Law, and other relevant statutes of the State of New York.

Sections 110 to 121 of the Town Law are designated as the Budget System.

Pursuant to section 111 of the Town Law, between the 20th and 30th days of September in each year, every administrative officer, board, department, commission, etc. of the town and of every special district therein are required to prepare and file with the town clerk of the town detailed estimates in writing of the amount of revenues to be received and expenditures to be made during the next fiscal year by the respective offices, departments and districts, and on or before the 5th day of October following, the town clerk must present such detailed estimates to the town board at a meeting thereof, and the detailed estimates must be set forth in the minutes of the proceedings of such town board.

Section 112 of the Town Law provides that between the 5th and 10th days of October in each year the town board shall prepare and approve an itemized statement in writing of the estimated revenues and expenditures of the town for the next ensuing fiscal year, which statement shall be known as its preliminary budget.

Section 113 of the Town Law provides that immediately after such preliminary budget has been prepared and approved the town board shall file the original thereof in the office of the town clerk, where it shall be available for inspection by any interested person at all reasonable hours and the town board is required to adopt a resolution specifying the time when and the place

where a public hearing will be held upon such preliminary budget and to give notice of such hearing. Said section 113 aforesaid further provides that at the time and place specified in the notice, the town board shall meet and review the preliminary budget and that at such hearing " any person may be heard in favor of or against the preliminary budget as compiled or for or against any item or items therein contained ". Said statute further provides that within five days after such hearing, the town board shall adopt such preliminary budget as originally filed, or it may, by a majority vote diminish or reject any item or items therein contained excepting those relating to a fire district or to the estimated revenues or to the indebtedness of the town or of any district therein, but it shall not have " the power to increase any item of the estimated expenditures, except those relating to highways or to the indebtedness of the town." The town board may increase or reduce any item contained in the estimated expenditures for highways in the manner prescribed by section 267 of the Highway Law. Said statute further provides that the preliminary budget, as amended, and when adopted, shall be the annual budget of the town for the next fiscal year.

Section 114 of the Town Law provides that after the adoption of the annual estimates and the adoption of the annual budget the several sums therein estimated for expenditures shall be and become appropriated in the amounts and for the purposes therein specified. Said section also provides for emergency appropriations in certain cases.

Section 115 of the Town Law provides that unexpended balances of appropriations may remain on deposit and be included as a part of the estimated revenues for the next year or the town board may use such unexpended balances for general town purposes.

It appears that the preliminary budget herein was filed as required by the statute and the required public hearing was held on October 30, 1951. The petitioner and others were present at the hearing and voiced their objection to the adoption of said budget. It is alleged that in spite of their objections, the town board did adopt said budget.

Thereafter, petitioner, as a taxpayer, instituted this proceeding. It is his contention that the budget as adopted is improper. Such claim is based upon petitioner's assertions:

(1) That the budget did not comply with the law because of the fact that certain items were shown in a lump sum " instead of showing the amounts for each of these items ";

(2) That certain sums indicated for salaries were shown in a lump sum "without itemizing to a reasonable degree the individuals and the classification of the persons who were to receive said salaries";

(3) That certain sums set forth in the budget (a) for labor and rental of equipment for repair and maintenance of bridges; (b) for purchase of machinery; (c) for repairs to machinery; (d) for the highway fund and an item of $37,900 under "other miscellaneous" were not properly itemized;

(4) That an estimated unexpended balance is given in the budget without describing whether said sum "is the entire balance of surplus funds of the county (apparently town is meant)"; "how said estimated unexpended balances are arrived at and in which departments said unexpended balances arose", and

(5) That an item is set forth for highway tax "without itemization of any kind".

It is conceded that section 112 of the Town Law requires an itemized statement of "estimated revenues and expenditures" but does not spell out the length to which the budget must go in itemization.

The law with regard to the detail that is expected in the preparation of a budget in the town of North Hempstead has been settled by the decision of the Court of Appeals in *Matter of Block* v. *Sprague* (285 N. Y. 69) where the court had before it for consideration the application of the petitioner for a mandamus order against the County Executive of Nassau County which would require the latter to make and file a proper budget for the fiscal year and for an order restraining the Supervisors of the county from proceeding with a hearing on the proposed budget. In that case, the petitioner urged that the budget was defective and that it did not comply with the requirements of the statutes in that it failed to make proper itemization of the sums contained in the budget. There are many parallels and close analogies in the case of *Matter of Block* v. *Sprague* and in the case at bar. A comparison between the County Law and the Town Law as respects budgetary requirements indicates a substantial agreement between the two laws as respects the preparation of the budget and it is apparent that the Legislature intended the exact restrictions to apply to each authority with further limitations upon the town board as respects the right of the latter to insert additional items or to increase an item of appropriation except for those relating to highways or the town indebtedness. In *Matter of Block* v. *Sprague* (*supra,* p.

72) the Court of Appeals said: " A consideration of all the provisions relating to the budget leads us to the conclusion that this proposed budget must contain line by line items and may not consist of lump sums *where it is practical to state* the items." (Italics supplied.)

The Court of Appeals pointed out that the Board of Supervisors, as respects the county's budget, had the right to strike out or reduce an item of appropriation or, in the manner authorized by statute, to insert an additional item or to increase an item of appropriation and, concerning the same, the court said (p. 72): " It is difficult, if not impossible, to see how such procedure may take place unless the budget contains a line by line itemization."

In the Town Law (§ 113), the town board is given power to diminish or reject " any item or items " contained in the preliminary budget and it may be well argued that it is impossible for the town board to deal with such items if itemization is not required.

Actually there is no dispute between the parties to this proceeding as to the necessity for itemization. Any dispute that may arise between them comes from the application of this requirement to the proposed budget, that is to say, with what particularity itemization is required. The court will not attempt in this memorandum to point out all of the instances where more particularity is required but will point out certain instances for the purpose of indicating what the court considers the degree of particularity in the itemization which the law requires.

On page 1 of the preliminary budget, under the items for the town board, there is set forth an item of $7,600 for " Appraisals, legal, equipment " in a lump sum. In the court's opinion, there should be set forth how much is estimated for appraisals, how much for legal services, and how much for equipment. These are unrelated items and should be separately considered.

There are set forth in the preliminary budget various department items for salary readjustments. The names of the individuals or employees for whom said readjustments are intended are not set forth. In the court's opinion, it is not necessary to specify such names.

In the items for the legal department on page 1 in the preliminary budget there is an item of $600 for " Law books, litigation, equipment " without specifying the sum for each of said items. These are unrelated items and in the court's opinion should be itemized into three parts, showing how much

is to be spent for law books, how much for litigation and how much for equipment. While it might be considered that the item of $600 is comparatively small in these days of heavy taxation and expenditure, nevertheless, in the years to come the item may be substantially higher, at which time it would be even more desirable to have the figures more particularly itemized.

On page 2 of the preliminary budget, in the items for the receiver of taxes, there is set forth an item of $11,227 for " Office supplies and equipment " in a lump sum. In the court's opinion, there should be some particularity of itemization as respects an expenditure of $11,227. This will not be difficult. So much, perhaps, may be spent for furniture, so much for typewriting machines or other machines, so much for stationery and office supplies, all of which itemization is very desirable and is in compliance with the statute instead of putting in a large item for office equipment. The court recognizes that it is not practicable to separate and segregate into small items general expenditures for office supplies. Nevertheless, it is desirable to do so if practicable to do so when the total expenditure exceeds the sum of $5,000.

On page 4 of the preliminary budget, under the provisions for dog shelter, harbor patrol, incinerator, parks and beaches, and town dock, there are respectively set forth the following sums for salaries: $18,900, $6,000, $131,500, $72,500 and $7,500, in lump sums without itemizing to a reasonable degree the classifications of the persons who are to receive said salaries. The court does not agree that it is necessary to name the individuals who receive the salaries but, in the court's opinion, it is necessary to take each of said last-mentioned items and classify the list of employees in the same manner as the preliminary budget does with respect to town clerk, receiver of taxes, town hall and other departments.

On page 6 of the preliminary budget, there are set forth items of $5,000 for " Labor and rental of equipment for repair and maintenance of bridges ", and $20,000 for purchase of machinery, and $20,000 for repairs to machinery in said lump sums without itemizing to a reasonable degree the purposes for which said sums are sought. The figure of $5,000 should be further itemized showing how much is intended to be expended for labor and how much is intended to be expended for rental of equipment. In the court's opinion, the figure of $20,000 for purchase of machinery should be itemized to show generally the kind and character of the proposed expenditures. It is not

necessary to particularize more fully on repairs to machinery because that probably is not able to be foreseen at the time of the preparation of the budget. The item of $37,900 for " Other miscellaneous " in the " Highway Fund " is a sizeable amount and should be particularized in a general way, however.

On page 7 of the preliminary budget, there is set forth an item of $74,000 for " Estimated Unexpended Balances " without a description of the same as to whether said sum is the entire balance of surplus funds of the town or as to how said estimated unexpended balances are arrived at. In the court's opinion it should be shown in a general way from what departments said unexpended balances arose and the amount thereof. This is desirable in the preparation of a budget for comparison purposes with the preceding years. No doubt these balances are shown in the estimates filed by the various departments. The court notes that they were set up in the copy of the proposed budget for the highway department with respect to the highway fund, the bridge fund and the machinery fund. However, a taxpayer should not have to resort to the estimates of the various departments to get such information. Furthermore, since under section 115 of the Town Law aforesaid, the town board may apply such unexpended balances toward and in addition to the funds appropriated for general town purposes, publication of the amount of the unexpended balances will serve as a check against department over-estimations, possibly with the purpose of creating surpluses to be used for general town purposes.

There is set forth in the preliminary budget an item of $983,251.94 for " Highway Tax " without itemization of any kind. An examination of the annual highway estimate and budget annexed to the return, indicates that it was arrived at as follows: General repairs $862,051.94 and special improvements, $150,000, making a total estimated expenditure of $1,012,051.94. As credits against such amount, there are figures of $8,800 for State aid and $20,000 unexpended balance from the previous year, leaving a net amount to be raised by taxation for highway purposes of $983,251.94. The court is of the opinion that the fund to be raised for the highway tax should be itemized in the budget at least to the extent that it is in the annual highway estimate. Then, if it is practicable to in any way itemize at least generally the repairs of $862,051.94, it should be done. It would also seem that the special improvements of $150,000 could be itemized, at least generally. When figures in a budget

reach approximately $1,000,000, the taxpayers should, in a rough way at the least, get a picture of how the money is to be spent.

It is noted that at least with respect to the highway tax herein, the petitioner is a resident of an incorporated village. Therefore, not being subject to that tax, he may not complain about it any more than he might complain about taxes in the various districts of which he is not a resident and to the taxes of which he is not subject.

In any event, by reason of the late date at which the attack upon the budget was made and the chaos that **may result if** there is any interference with the adoption of the budget and the levying of the tax for the 1952 fiscal year, insofar as attack is made on the budget for the year 1952, the court will deny the petitioner's application, without costs. What is here set forth shall be rather used as a guide for the preparation of the budget in subsequent years.